## STATE OF MAINE vs. HIRAM W. CHADWICK.

### Knox.     Opinion July 7, 1919.

*R. S., Chap. 45, Sec. 35, interpreted.*

By the revision of the statutes relating to Sea and Shore Fisheries in 1901, Chap. 284, Public Laws, a radical change was effected in the nature of the offense of buying, selling, exposing for sale or having in possession "short lobsters." Prior to that time, the penalty was imposed for buying, selling, giving away or exposing for sale or having in possession lobsters that should have been liberated alive and were not.

Under the present statute the basis of the offense of buying, selling, giving away or exposing for sale or having in possession is the fact that the lobsters are of less than lawful length, whatever the condition in which they may be found; nor does it matter what their length was when caught, if they were of less than lawful length when seized, whether dead or alive, cooked or uncooked.

In a complaint for buying, selling, giving away or exposing for sale, it, therefore, is not necessary under the present statute to allege that they were shorter than the prescribed length when caught or were alive, or, even, that they were not liberated alive.

In a complaint for catching or having in possession, however, it is still necessary to allege that they were not immediately liberated alive at the risk and cost of the party taking them,—in a charge of catching, because it is a necessary element of the offense; in a charge of having in possession, in order to negative the lawful possession between the time of catching and the liberation under the statute.

*State v. Brewer,* 102 Mo., 293, modified in accordance with the opinion.

Complaint and warrant under R. S., Chap. 45, Sec. 35. The case originated in the Municipal Court, Rockland, Knox County, and an appeal was entered to the Supreme Court where respondent filed demurrer with right to plead over in case demurrer was overruled. The presiding Justice overruled the demurrer, to which ruling respondent filed exceptions. Exceptions overruled.

Case stated in opinion.

*Henry L. Withee,* County Attorney, for the State.

*Rodney I. Thompson,* for respondent.

Sitting: Cornish, C. J., Spear, Hanson, Philbrook, Dunn, Wilson, Deasy, JJ.

Wilson, J. A complaint under Sec. 35, Chap. 45, R. S., charging the respondent with having in possession one hundred and nine lobsters of less than lawful length, the language of the complaint is, "unlawfully did have in his possession one hundred and nine lobsters, each of said lobsters being then and there less than four and three-quarters inches in length measured in manner as follows: . . . and none of said lobsters were liberated alive at the risk and cost of the parties taking them or at the risk and cost of Hiram W. Chadwick."

It will be noted that the complaint does not set forth whether the lobsters when found in the possession of the respondent were alive or dead, or whether the measurement was taken "when caught," or while alive, or after they were dead.

The respondent has demurred on the ground that since the lobsters may have been dead and cooked, under the decisions of this court in *Thompson* v. *Smith*, 79 Maine, 160, and *State* v. *Brewer*, 102 Maine, 293, it is necessary to allege either that the lobsters were alive or that the measurements were taken when caught.

When *Thompson* v. *Smith* was decided it was no doubt a correct interpretation of the statute as it then stood. Numerous revisions and amendments have been made to this statute since the decision in 1887, the most radical one being made in 1901, Chap. 284, which, we think, indicated an intent on the part of the Legislature to change the entire effect of the statute so far as the grounds for imposing penalties are concerned.

Prior to 1901 the penalty was imposed for catching, buying, selling or exposing for sale or having in possession lobsters shorter than the prescribed length that were not liberated as required by law. It was the failure to liberate them alive that rendered them contraband and illegal to buy, sell or possess, and hence it could well be said that if there was a difference in measurement between a lobster alive and a lobster cooked, it was only those that were shorter than the required length when caught or alive that it was illegal to hold.

The statute as it has since been amended now declares it unlawful to buy, sell, give away, expose for sale or have in possession lobsters either dead or alive, cooked or uncooked, less than four and three-quarters inches in length measured according to the statute, and

imposes a penalty for each lobster "so bought, sold, given away, or exposed for sale or in possession," that is, for each lobster unlawfully bought, sold, etc., or in possession. The unlawfulness for buying, selling, exposing for sale, or having in possession does not under the present statute arise from the fact that they were not liberated alive, but entirely from the fact that they were of less than lawful length whether dead or alive, cooked or uncooked.

The statute still requires that any lobster less than the prescribed length when caught shall be immediately liberated alive by the party taking it and at his risk and cost. There appears to have been a changed attitude in the intent of the Legislature as to the manner by which it proposed to accomplish the purpose of protecting young lobsters from destruction. In the early statute, Chap. 138, Laws of 1883, and until the revision of the laws applying to Sea & Shore Fisheries in 1901, the method by which the Legislature proposed to secure this result was to require all young lobsters less than a prescribed length to be liberated alive, and impose a penalty for buying, selling, or having in possession any lobsters that were "not so liberated." The failure to liberate alive was the essence of the offense. If therefore they were of lawful length when alive, it mattered not what their condition was after being cooked. The purpose of the statute was secured by requiring their liberation, if of unlawful length when caught, and by making it unlawful to deal in them, whatever their condition might be, if they were not so liberated.

Under the present statute instead of making the failure to liberate the basis of the offense, it is now unlawful and an offense to have lobsters of less than lawful length in possession or to deal in them in any way, without regard to whether they should have been liberated or not, hence it now matters not what their measurement may have been when alive or when caught—if there is any change by cooking under the present method of measurement—except when the charge is for catching.

It will be noted that it is not now unlawful to catch "short lobsters", but the statute does enjoin upon every person catching them the immediate liberation of them alive, and imposes a penalty for every lobster "so caught", that is, caught and not immediately liberated.

We are therefore of the opinion that under the present statute in the case of a charge of buying, selling, giving away, or exposing for sale, it is sufficient to allege simply that the lobsters were of less than

the prescribed length measured according to the statute, without alleging they were not immediately liberated alive, or whether they were alive or dead. That they were not immediately liberated alive is not an essential element of the offense, and in any event follows by necessary intendment in case of a charge of buying, selling, or exposing for sale.

In the case of a charge of catching or having in possession, however, we think it is still necessary to set forth that they were not immediately liberated alive at the risk and cost of the party taking them. In the case of catching it is a necessary element of the offense. By the terms of the statute the penalty is imposed when they are "so caught," that is, caught and not liberated. In case of a charge of having in possession, it is also necessary to allege that they were not immediately liberated alive at the risk and cost of the party taking them, in order to negative the lawful possession that is incident to catching by the present methods prior to liberation in accordance with the statute. As the complaint in this case meets these requirements we must overrule the exception.

We have considered carefully the decision in *State* v. *Brewer*, supra, cited by the respondent, and while this case was decided since the change in the statute in 1901, the views therein expressed, following the doctrine laid down in *Thompson* v. *Smith*, supra, are not wholly in accord with what seems to us the clear intent of the Legislature under the present statute, and to that extent it must be regarded as modified.

Entry will be,

*Exceptions overruled.*