STATE *vs.* JOHN E. MORTON.

Lincoln.    Opinion October 2, 1925.

*The legal size of lobsters is determined by measurement of the body shell, and the duty of fishermen to liberate short lobsters alive, is not affected by wind, weather, or season of the year.*

*In certain statutory crimes the motive and scienter, unless the act is made mala prohibita because negligently done, are immaterial on questions of guilt.*

Since the Legislature has furnished the method of determining the legal size of lobsters, which method is by measurement of the body shell, it is not error to exclude testimony as to weight of lobsters in determining their legal size.

It is not error to exclude questions relating to wind, weather, or season of the year, as affecting the duty of the fisherman to liberate short lobsters alive, as required by statute.

In the instant case the finding by the jury of the exact number of short lobsters in possession of the respondent, is not necessary, as a finding of any number would justify a verdict of guilty.

On exceptions by respondent. Respondent was charged with possession of short lobsters in violation of the provisions of R. S., Chap. 45, Sec. 35, and amendments thereto. He was found guilty in the Lincoln Municipal Court and on appeal was found guilty by a jury. During the trial before the jury, counsel for the respondent, entered several exceptions to the exclusion of evidence and to instructions and refusal to instruct. Exceptions overruled. Judgment for the State.

The opinion fully states the case.

*Weston M. Hilton, County Attorney,* for the State.

*George A. Cowan,* for the respondent.

SITTING: WILSON, C. J., PHILBROOK, DUNN, MORRILL, DEASY, BARNES, JJ.

PHILBROOK, J. By complaint and warrant the respondent was charged with possession of short lobsters, which were not liberated alive in accordance with the provisions of R. S., Chap. 45, Sec. 35, as amended Chapter 184, Public Laws 1919, and by Chapter 98,

Public Laws 1921. After hearing by a magistrate the case came to the Supreme Court on appeal. Jury trial resulted in a verdict of guilty and the case is now before us upon fourteen exceptions to the exclusion of evidence and to five instructions and refusal to instruct in the charge of the presiding Justice.

EXCLUSION OF EVIDENCE.

The first, eleventh, twelfth, and fourteenth exceptions arose from the exclusion of inquiries regarding the weight of lobsters, the respondent claiming that such questions, if admitted, and the answers thereto, would tend to dispute the testimony of the Wardens. We are unable to concede the propriety of this claim. The Legislature, in explicit language, has furnished the method of determining the legal size of lobsters, which method is by measurement of the body shell and not by weight. To admit testimony as to weight would be an invasion of legislative standards, to dispute direct evidence of length by doubtful evidence of heaviness.

The second, third, fifth, sixth and seventh exceptions relate to questions concerning the season of the year when the short lobsters were found in the possession of the respondent and had not been liberated in accordance with the provisions of the statute. Herein the respondent claims that in cold weather especially, even by the use of due care, there would be some short lobsters taken aboard any lobster vessel. But if this condition is to be provided for it is the province of the Legislature to make the provision and not the province of this court. Under the statute, as it now exists, "any lobster shorter than the prescribed length when caught shall be immediately liberated alive." Conditions of wind, weather, or season of the year are not provided for by the Legislature and we have no power to provide them.

The fourth, eighth and thirteenth exceptions relate to intent and scienter on the part of the respondent. Herein the respondent claims that if the smackman happens to get some short lobsters on board his vessel, with no intent on his part to violate the law, he should be given opportunity to liberate them, and if left to himself does liberate them, then he has not violated any law, and the question of intent should then be considered by the court; that he must knowingly have such lobsters aboard and neglect, after such knowledge, to

liberate them. The statute in its present form requires immediate liberation, alive, of short lobsters. *State* v. *Chadwick*, 118 Maine, 233. Liberation at the convenience of the fisherman is a far cry from the demand of the statute. The maxim "actus non facit reum, nisi mens sit rea" does not always apply to crimes created by statute, and therefore if a criminal intent is not an essential element of a statutory crime it is not necessary to prove any intent in order to justify a conviction. Many instances may be cited where the doing of an act prohibited by the Legislature constitutes the crime and the moral turpitude or the purity of the motive by which it was prompted as well as knowledge or ignorance of its criminal character as well as the degree of care used, unless the act is made mala prohibita because negligently done, are immaterial circumstances on the question of guilt. The only fact to be determined in such cases is whether the defendant did the act. *State* v. *Rogers*, 95 Maine, 94; *State* v. *Chadwick*, 119 Maine, 45. These principles applied to the contentions of the respondent upon this branch of the case render futile the exceptions immediately under consideration.

The ninth exception relating to the exclusion of evidence as to the effect of bailing lobsters; the tenth to exclusion of evidence as to any market for short lobsters; are not pressed in argument and are of no merit.

### THE CHARGE OF THE PRESIDING JUSTICE.

The first exception is to the inquiry presented to the jury in these words: "Did he immediately liberate them after he took them aboard?" The present statute enjoins immediate liberation alive, of short lobsters, *State* v. *Chadwick*, supra. While the question propounded in the charge did not contain the word "alive" yet we think, upon examination of the entire charge, that the jury fully understood the law and that no prejudicial error can be successfully claimed. The exceptions to denial to instruct relate to the following:

"1. The state must prove to you beyond a reasonable doubt that the respondent knowingly had in his possession short lobsters. The number must be found by you."

"2. The state must prove beyond a reasonable doubt that the respondent, given an opportunity after having knowledge of illegal lobsters in his possession, did not liberate such lobsters alive."

"3.   It is proper for the jury to take into consideration weather conditions, and the effect of such conditions upon the lobsters while being loaded into the smack, as bearing upon the question of respondent's knowledge of having illegal lobsters aboard."

"4.   The burden is on the state to show to you beyond a reasonable doubt that the respondent knowingly, or by ordinary care may have known that he took short lobsters aboard."

These exceptions so far as they relate to intent, scienter and due care, have already been discussed.   The finding by the jury of a definite number of short lobsters in the possession of the respondent is not necessary.   A finding of any number would justify a verdict of guilty.   The number justified by the evidence fixes the penalty which the court must impose.

*Exceptions overruled.*
*Judgment for the State.*