1997 ME 70

### STATE of Maine

v.

### SEAMEN'S CLUB.*

Supreme Judicial Court of Maine.

Argued Feb. 5, 1997.
Decided April 4, 1997.

---

* The defendant was incorrectly identified by both parties as the Seaman's Club Restaurant.

Stephanie Anderson, District Attorney, Carlos Diaz, Asst. Dist. Atty. (orally), Portland, for State.

Robert H. Stier, Jr., (orally), Elizabeth S. Morely, Bernstein, Shur, Sawyer & Nelson, Portland, for defendant.

Michael J. Waxman, Portland, Steven Ostrach, New England Legal Foundation, Boston, MA, for amicus curiae.

Before ROBERTS, and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1] Seamen's Club appeals from the judgment of conviction entered in the Superior Court (Cumberland County, *Crowley, J.*) on its conditional plea of guilty pursuant to M.R.Crim.P. 11(a)(2) to the offense of possession of short lobsters (Class D), 12 M.R.S.A.

§ 6431 (1994 & Supp.1996). The defendant argues that the District Court (Portland, *Cote, J.*) erred by denying its motions to suppress and to dismiss, and that the Superior Court erred by denying its motion for proposed jury instructions. We affirm the judgment.

[¶ 2] The facts on appeal are not in dispute. In October 1995 Marine Patrol Officer Brian Linscott went to the defendant's restaurant in Portland, after receiving reliable information that a lobsterman had sold short lobsters to the defendant. The restaurant was open for business and Linscott, who was dressed in his uniform, entered and asked to speak with the manager or the head chef. A bartender directed Linscott to go upstairs. Seeing no employees in the upstairs dining area, Linscott walked through the room and entered the kitchen where he encountered a woman who appeared to be a cook. He identified himself as a marine patrol officer and asked her if he could speak to the manager or the head chef. She replied that the manager was not available and said, "I guess I'm in charge." Linscott asked the woman if he could see where the lobsters were stored. She directed him to a lobster tank located in a cocktail area that was open to the public but not then in use, i.e., the lights were off and the room was empty. The woman led Linscott into the room and turned on the lights. Linscott began removing lobsters from the tank and measuring them. After he found one or two short lobsters, the woman brought Linscott a container to put them in. Within a few minutes the restaurant's head chef arrived and remained with Linscott while he checked the lobsters. Linscott would measure a lobster and, on a few occa-sions after finding a short lobster, would hand it to the head chef who would also measure it and then place it in the container with the other short lobsters. At no time did anyone protest Linscott's actions. Linscott found 16 undersized lobsters and cited the defendant for possession of short lobsters in violation of 12 M.R.S.A. § 6431.[1]

[¶ 3] The defendant initially pleaded not guilty, requested a jury trial, and filed motions in the District Court to suppress evidence and to dismiss the charge. In its motion to suppress, the defendant argued that the evidence collected by the officer must be suppressed because it was obtained through a warrantless and unreasonable search. In its motion to dismiss, it argued that the State failed to allege a culpable intent to possess short lobsters, a necessary element of the crime, or, alternatively, if no culpable intent is required, the statute is an unconstitutional exercise of the police power. The District Court denied both motions.

[¶ 4] The defendant filed a motion in the Superior Court for proposed jury instructions. It requested, among other things, that the jury be instructed that a culpable mental state is an essential element of the crime. The court (*Brodrick, J.*) denied the motion. Thereafter the defendant tendered, and the court accepted, a conditional guilty plea pursuant to M.R.Crim.P. 11(a)(2).[2] On appeal, the defendant challenges the denial of the three motions.

I.

*Motion for Proposed Jury Instructions*

■ [¶ 5] As a preliminary matter, we decline to address the defendant's challenge

---

1. 12 M.R.S.A. § 6431 (1994) provides in part:

   **1. Minimum and maximum length.** A person may not buy, sell, give away, transport, ship or possess any lobster that is less than the minimum size established in this subsection. . . .
   . . . .
   **7. Penalty.** Possession of lobsters in violation of this section shall be a Class D crime. . . .

2. M.R.Crim.P. 11(a)(2) provides:

   *Conditional Guilty Plea.* With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional guilty plea. A conditional guilty plea shall be in writing. It shall specifically state any pretrial motion and the ruling thereon to be preserved for appellate review. If the court approves and the attorney for the state consents to entry of the conditional guilty plea, they shall file a written certification that the record is adequate for appellate review and that the case is not appropriate for application of the harmless error doctrine. Appellate review of any specified ruling shall not be barred by the entry of the plea.
   If the defendant prevails on appeal, the defendant shall be allowed to withdraw the plea.

to the denial of its motion for proposed jury instructions. A conditional guilty plea entered pursuant to Rule 11(a)(2) preserves for appellate review rulings on certain pretrial motions. A motion for proposed jury instructions in not a pretrial motion within the meaning of the rule. *See* M.R.Crim.P. 11(1)(2) advisory committee's note to 1985 amend., Me.Rptr., 479–487 A.2d LIV–LV (principal use of conditional guilty plea is to provide review of evidentiary motions, such as motions to suppress or motions *in limine* ). Whether a defendant is entitled to proposed jury instructions depends on whether such instructions are necessary in light of the evidence generated at the trial. *See State v. Moore,* 577 A.2d 348, 350 (Me. 1990).

## II.

### *Motion to Suppress*

[¶ 6] The District Court found that the search of the restaurant was consensual based on the unidentified female cook's apparent authority to consent to the search and her manifestation of such consent. The defendant argues that the search was warrantless and unreasonable and that the court's findings of consent and apparent authority are clearly erroneous. We disagree.

[¶ 7] A search conducted pursuant to a valid consent is an exception to the warrant requirement. *State v. Cress,* 576 A.2d 1366, 1367 (Me.1990). Consent must be given freely and voluntarily, and the State must show by a preponderance of the evidence that an objective manifestation of consent was given by word or gesture. *Id.* Voluntariness is a question of fact for the trial court; thus its determination of voluntariness on a motion to suppress is reviewed for clear error. *See id.; State v. Marden,* 673 A.2d 1304, 1310 (Me.1996). Factual findings are clearly erroneous only when there is no competent evidence in the record to support them. *Id.* at 1308.

[¶ 8] In this case there is competent evidence to support the court's determination that the female cook consented to the search. The woman never protested the officer's actions. Rather, she assisted by directing him to the location of the lobster tank, turning on the lights, and providing a container in which to store the short lobsters. From her actions the court could properly infer that she consented to the search, and its finding is not clearly erroneous. *See State v. Cress,* 576 A.2d at 1367 (consent to search taxidermist shop inferred from owner's assisting the search by accompanying the wardens into the shop and unlocking, opening, and emptying freezers); *State v. Sherburne,* 571 A.2d 1181, 1183–85 (Me.1990) (consent to search closed compartments in the bow of a boat inferred from owner's assisting the search by accompanying the warden onto the boat and producing a cooler). Likewise, the court's finding in this case that the officer reasonably believed the woman had authority to provide such consent is not clearly erroneous. *See Illinois v. Rodriguez,* 497 U.S. 177, 186, 110 S.Ct. 2793, 2800, 111 L.Ed.2d 148 (1990) (if police reasonably believe the person consenting to a search has authority to do so, the search is proper). Although the court noted that the woman used a somewhat sarcastic tone of voice when telling the officer that she was in charge, it nevertheless found reasonable the officer's belief in her authority to consent. The woman's tone of voice did not necessarily detract from her apparent authority.

[¶ 9] We disagree with the defendant's additional contention that the officer's entry into the kitchen was the beginning of an illegal search, thereby requiring suppression of all evidence gathered subsequently. The officer entered the restaurant and, after asking for the manager or the head chef, was directed to go upstairs. Failing to see any restaurant employees once upstairs, he proceeded into the kitchen and immediately spoke with the female cook, the first and only person he encountered. In these circumstances, the officer's actions were not unreasonable.

## III.

### *Motion to Dismiss*

[¶ 10] The defendant argues the crime of possession of short lobsters must include a culpable mental state of at least criminal

negligence as an essential element of the crime pursuant to 17–A M.R.S.A. § 34 (1983).[3] It argues that because the State failed to allege any culpable mental state, the court erred by denying its motion to dismiss the charge. Alternatively, the defendant argues that if no culpable mental state is required, the statute is an unconstitutional exercise of state police powers in violation of the due process provisions of the Maine and the United States Constitutions. These contentions are unavailing.

[¶ 11] Proof of intent is not required when it is not expressly set forth in the governing statute and there is a legislative intent to impose liability without proof of a culpable state of mind. We recently addressed a similar issue in *State v. Fowler,* 676 A.2d 43, 45 (Me.1996), and concluded that the crime of hunting or possessing a deer during a closed season, in violation of 12 M.R.S.A. § 7406(1), did not require proof of a culpable mental state. We stated: "It is clear that prior to the adoption of the Maine Criminal Code in 1976 no culpable state of mind was required for the violation of similar laws. Nothing in the Code's current language or comments, or in the hunting statute itself, discloses an intent to change this standard." *Id.* (citation omitted). We also stated:

> Where the State alleges a crime of possession of a physical object, it must prove possession by showing that the accused at some time bore one of two relationships to the object: he either had immediate physical control or occupancy of the object or knew where it was and had the intention and ability to gain physical control or occupancy of it.

*Id.* (quoting *State v. Koehling,* 381 A.2d 12, 14 (Me.1978)).

[¶ 12] Applying the *Fowler* analysis to the instant case leads to a similar conclusion. The crime of possession of short lobsters did not require a showing of a culpable mental state prior to the adoption of the Maine Criminal Code, *State v. Morton,* 125 Me. 9, 10–11, 130 A. 352, 352–53 (1925); *State v. Chadwick,* 118 Me. 233, 235, 107 A. 129, 130 (1919), and nothing in the statute discloses an intent to change this standard.[4] Our conclusion is consistent with our interpretation of similar statutes. *See State v. Sherburne,* 571 A.2d 1181 (Me.1990) (possessing more than the legal limit of fish in violation of 12 M.R.S.A. § 7604 (1994)); *State v. Goyette,* 407 A.2d 1104 (Me.1979) (possessing moose meat in violation of 12 M.R.S.A. § 2467 (1974), *repealed by* P.L.1979, ch. 420, § 5 (effective December 31, 1979)).

[¶ 13] The defendant next argues that the statute is an unconstitutional exercise of state police powers and an example of extremely unwise public policy because it imposes strict criminal liability on all persons, even tourists, in an overly broad, arbitrary, and capricious manner. Contrary to the defendant's contention, no such dire consequences are at issue in this case. The statute does not subject retail purchasers to criminal liability.

[¶ 14] In interpreting a statute "[w]e first examine the plain meaning of the statutory language, seeking to give effect to the legislative intent. In so doing, we remain mindful of the whole statutory scheme, of which the section at issue forms a part, so that a harmonious result may be achieved." *Daniels v. Tew Mac Aero Servs., Inc.,* 675 A.2d 984, 987 (Me.1996) (citation omitted).

---

**3.** 17–A M.R.S.A. § 34 (1983) provides in part:

    **1.** A person is not guilty of a crime unless he acted intentionally, knowingly, recklessly or negligently, as the law defining the crime specifies, with respect to each element of the crime, except as provided in subsection 5....

    ....

    **5.** If a statute defining a crime does not expressly prescribe a culpable mental state with respect to some or all of the elements of the crime, a culpable mental state is nevertheless required ... unless:

    **A.** The statute expressly provides that a person may be guilty of a crime without a culpable state of mind as to those elements; or
    **B.** A legislative intent to impose liability without a culpable state of mind as to those elements otherwise appears.

**4.** The crime of possession of short lobsters is defined outside the Maine Criminal Code. *See* 17–A M.R.S.A. § 6 (Supp.1996); *see also State v. Fowler,* 676 A.2d 43, 45 n. 3 (Me.1996); *State v. Goyette,* 407 A.2d 1104, 1111 n. 7 (Me.1979).

Although 12 M.R.S.A. § 6431(1) appears to support the defendant's contention when viewed in isolation, when read in light of other parts of section 6431, it is evident the statute is meant to apply only to those who harvest lobsters from the ocean and those who deal in the wholesale or retail trade of lobsters. For example, section 6431(6–A), which provides a grace period following periodic increases in the minimum size requirement, refers only to persons holding a wholesale or retail seafood dealer license or a lobster transportation license.[5] In light of the fact the statute applies only to those within the commercial trade of lobsters, it readily comports with the requirements of due process. *See State v. Eaton*, 577 A.2d 1162, 1165–66 (Me.1990) (requirements of due process in exercising state police powers include (1) the object of the exercise must be to provide for the public welfare; (2) the legislative means employed must be appropriate to the achievement of the ends sought; and (3) the manner of exercising the power must not be unduly arbitrary or capricious).

The entry is:

Judgment affirmed.

---

5. 12 M.R.S.A. § 6431(6–A) (1994) provides:
   **Grace period.** There is a 180-day grace period following the effective date of the minimum size increases as provided in this section within which a person holding a wholesale or retail seafood dealer license or a lobster transportation license may handle lobsters legally purchased or received in the prior year which do not meet the new minimum size requirements.
   Restaurants serving lobster must possess a retail seafood dealer license pursuant to 12 M.R.S.A. § 6852 (1994).