STATE OF MAINE

KENNEBEC, ss.

STATE OF MAINE,

          Appellee

v.

BRYAN GORDON,

          Appellant

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. AR-99-003

JRA·KEN- 5/3/2000

DONALD L. GARBRECHT
LAW LIBRARY

MAY 26 2000

DECISION AND ORDER

This matter is before the court on the appellant's conditional plea of guilty,

M.R. Crim. P. 11(a)(2), to the offense of Operating Under the Influence of Intoxicants,

29-A M.R.S.A. § 2411 (1996 & Supp. 1999), whereupon he appeals from the trial

court's denial of his Motion for Late Transfer and his Motion to Dismiss. (District

Court, District Seven, Division of Southern Kennebec, (Vafiades, Anderson, JJ.)).

At the outset, it must be held that this appeal upon a conditional plea of

guilty is properly before this court. While it is true that conditional pleas of guilty

and a concomitant appeal under our Rules of Criminal Procedure ordinarily entail

the appeal from the denial of a motion to suppress or an evidentiary ruling adverse

to the defendant, the rule itself places no limit on the pretrial orders which may be

appealed via M.R. Crim. P. 11(a)(2). The rules reads:

> (2) *Conditional Guilty Plea.* With the approval of the court
> and the consent of the attorney for the state, a defendant may enter a
> conditional guilty plea. A conditional guilty plea shall be in writing. It
> shall specifically state <u>any</u> pretrial motion and the ruling thereon to be
> preserved for appellate review. If the court approves and the attorney
> for the state consents to entry of the conditional guilty plea, they shall
> file a written certification that the record is adequate for appellate
> review and that the case is not appropriate for application of the

harmless error doctrine. Appellate review of any specified ruling shall not be barred by the entry of the plea.

If the defendant prevails on appeal, the defendant shall be allowed to withdraw the plea. (emphasis supplied).

Here, the motions at issue were pretrial motions and their denial would certainly serve as bases for a dispositive appeal had there been a trial. Thus, the purpose of M.R. Crim. P. 11(a)(2) has been satisfied in this appeal, namely the preservation of pretrial rulings without the necessity of a trial, "thereby expediting the appeal while at the same time conserving resources." 1 Cluchey & Seitzinger, *Maine Criminal Practice*, § 11.10 at IV-37 (1995). The case law in Maine on this topic is in accord with this result. Thus, in *State v. Seamen's Club*, 1997 ME 70, ¶ 5, 691 A.2d 1248, 1251, the Law Court noted that the purpose of Rule 11(a)(2) is to preserve for appellate review certain pretrial motions, and that therefore rulings made during the course of or after a trial do not qualify under this rule. So, even though the pretrial rulings in *Seamen's Club* were the typical sort by which an appeal is made without trial, the language in that case does not serve to limit the application of Rule 11(a)(2) to motions to suppress or motions in limine, but, rather notes that the rule is limited only to appeals from pretrial orders. Such is exactly the case here and therefore it must be concluded that the appeal from the orders on the motions cited by the appellant are properly before this court.

Before, however, addressing the merits of the parties' respective arguments, it is necessary to review the procedural history of this case. The appellant was charged on May 30, 1998, with the offense of "O.U.I." and given an arraignment date of August 5, 1998. On that date, he appeared with counsel and entered a plea of "not

2

guilty." The record from the proceedings on that date show that this defendant was not advised of his right to a jury trial, how to secure a jury trial, nor the waiver consequence of his failing to make a timely request for a jury trial. Indeed, the transcript of the proceedings for other defendants appearing that day as provided to this court[1] does not reveal full compliance with M.R. Crim. P. 5(d)(2) and the prescription by the Law Court that a defendant appearing in the District Court on Class D and E crimes be advised of the demand he must make for a jury trial within 21 days "if he is to avoid a binding inference of waiver." *State v. Rowell*, 468 A.2d 1005, 1007-08 (Me. 1983). By virtue of M.R. Crim. P. 22(a), a transfer to the Superior Court for a jury trial would have had to have been made on or before August 26, 1998, 21 days from the arraignment date of August 5, 1998. On August 5, the defendant was also given a one sheet summary of the case against him which the prosecutor has characterized as automatic discovery pursuant to M.R. Crim. P. 16(a). Transcript ("T."), 2/17/99, pp. 4-5. At this arraignment, the defendant and his attorney were given a trial date of September 9, 1998, at 1:00 p.m.

On August 12, 1998, the defendant filed two motions, one for discovery, the other entitled "Motion to Allow Late Transfer." In the latter, the appellant, through his attorney, asked that he be allowed "to file a late transfer jury trial form until such time as the defendant obtains the discovery in this case." He further advised the court in this pleading that, "The defendant is unable to make an informed

---

[1] The transcript is misdated as August 5, 1999, when it is clear that the proper date is August 5, 1998.

3

decision about transfer until said discovery is furnished in accordance with the rules."

The discovery requested by the motion of August 12 was apparently received by the defendant's attorney on August 22, 1998, who then decided to transfer the case, but did not file the request for transfer until September 4, 1998.[2]

On September 9, 1998, the District Court (Vafiades, J.) denied both the discovery motion and the motion for late transfer. On September 16, 1998,[3] the defendant filed a motion to dismiss, claiming that the receipt of discovery close in time to the expiration of the 21-day time period to transfer the case for a jury trial resulted in "severe prejudice" to the defendant. This motion was denied by the District Court on February 17, 1999 (Anderson, J.) which found, in part, no "discovery violations on the part of the State."

On May 18, 1999, the defendant entered a conditional guilty plea to the O.U.I. charge and was sentenced thereon. On May 27, 1999, the defendant entered a notice of appeal which was corrected by a second notice on June 3, 1999.

The appellant's principal argument appears to be that the District Court erred in refusing to permit the late transfer to the Superior Court for a jury trial because there was no voluntary and intelligent waiver of a jury trial before the expiration of

---

[2] The docket entries do not show the filing of a jury trial request on or near September 4. Counsel for the defendant made that representation at a hearing on this case on February 17, 1999, on the defendant's motion to dismiss. The prosecutor appears to agree with this representation. Appellee's Brief, p. 8; *State's* exhibit 4 to Appellee's Brief; *see also* T., 9/9/98, p. 2.

[3] The docket entry indicates September 23, 1998, but the motion is date-stamped September 16, 1998.

4

the 21-day period for such a transfer. As noted, the case of *State v. Rowell,* 468 A.2d 1005, 1007-08 (Me. 1983), requires a District Court judge to advise a defendant in a case involving a charge of a Class D or E crime of his right to a jury trial and also how to make a demand for a jury trial. *Id.* Moreover, a finding of a waiver of the right to a jury trial depends upon a finding of two facts: the existence of the advice and warnings prescribed by *Rowell,* and the failure on the part of a defendant to demand a jury trial within the time period set by rule. *State v. Dunn,* 517 A.2d 325, 327 (Me. 1986).

In the case at bar, without more, it would appear that the appellant had been improperly deprived of his jury trial right because he never received the *Rowell* advice and warnings at his arraignment. However, the record in this case demonstrates that the defendant did know of his right to a jury trial and the necessity of requesting a transfer for jury trial within 21 days of arraignment. He was represented by an attorney or attorneys, all from the same firm, with considerable experience in and knowledge of criminal procedure. Before the 21-day period expired, one of these experienced lawyers filed the motion to allow late transfer. In doing so, the defendant, though his counsel must be said to have acknowledged and understood that he had a right to a jury trial and that his request for a jury trial could not be made late. If that were not the case, there would have been no cause for him to have asked for court permission to transfer the case for a jury trial on a late basis. Because he did so, the defendant obviously knew he had the option of a jury trial and that the passage of time might deprive him of that

5

option. The record reflects that defendant's counsel who, after all, were acting in his behalf to enforce and protect his rights, were aware of the passage of the 21 days and the consequences of that circumstance. T., 9/9/98, pp. 3, 5; T., 2/17/99, pp. 2-3. They, however, decided that they wanted more discovery material before exercising the right to a jury trial because they wanted to choose a forum that best fit the facts of the case. T., 2/17/99, pp. 2-4. It follows then, they suggest, that the failure to provide discovery in a timely way deprived the defendant of the opportunity to make a knowing exercise of his jury trial right.

Three flaws doom this argument. First, the knowing exercise or waiver of a right to a jury trial does not entail knowledge of whether or not it is a wise tactical move to opt for a jury trial. Forum or judge shopping for tactical purposes is not contemplated by the jury trial right. Instead, the right in question entails knowledge of the right to a trial by jury and the consequences of the failure to exercise that right. Second, the defendant and his attorney had all, or nearly all, the discovery materials before the expiration of the 21-day period.[4] T., 2/17/99, pp. 6, 9, 11-12. Thus, if the argument is to be made that a defendant should have a full exposition of the merits of the prosecution's case before electing a forum for trial, that contention fails here because this defendant had such information. Third, as one or both the trial judges below observed, even if the defendant did not have all

---

[4] The record is unclear as to what discovery the defendant may have lacked, if any, when the 21-day period expired, although the transcript of the 2/17/99 hearing suggests that the defendant's counsel had not been previously advised that there was no videotape of the O.U.I. arrest or procedures. How the presence or absence of a videotape might affect the decision to transfer the case for a jury trial is not explained.

6

the discovery by the end of the 21-day period, nothing prevented him from transferring the case for jury trial as a measure to be certain that the right to a jury trial was preserved. Later, of course, the defendant could elect to proceed without a jury in the Superior Court, M.R. Crim. P. 23(a), where, hopefully, the defendant could find a jurist of the "experience" and "intelligence" found in the District Court.[5] T., 2/17/99, p. 3.

In sum, the record and history of this case amply demonstrates that the appellant, because of the actions of his attorneys, knew of his right to a jury trial and the necessity of acting on that right within 21 days by transferring the case to Superior Court. The failure to perfect the transfer was due here not to ignorance on the defendant's part or to the deprivation of his right to a jury trial by the prosecution or the trial court which had not provided him information as to his right to jury trial, but rather was due to either the inability of the defendant and/or his attorneys to promptly choose the forum in which to try the case or by the simple failure of not filing the transfer on time. Either way, the court is satisfied that the predicates that the defendant knew of his jury trial right and the need to exercise that right within a set period, and that he failed to act within that period, have been established by the facts and circumstances of this case. *Dunn*, 517 A.2d at 327. Accordingly, this point will not succeed on appeal.

---

[5] With cross-designation, the judges at each of these courts find themselves from time to time hearing cases, jury and nonjury, in a court other than the one to which they were appointed.

Although not briefed, the appellant also claims that the trial court erred in denying his motion to dismiss. As noted, this motion sought dismissal of the complaint pending in the District Court because the defendant's right to a jury trial was "severely prejudiced" by the State's alleged late action in providing discovery. A disposition of this point on appeal can be made by reference to the discussion already set forth herein. From this, it is plain that any prejudice to the appellant was occasioned by his or his attorney's failure to file the jury trial transfer request on time. They had all, or nearly all, the discovery in the case before the 21-day period had expired. Moreover, they have cited no information that they would have required, but were denied in discovery, to make a better tactical decision as to the forum in which to defend the O.U.I. charge. They have also cited no reason why they could not have filed their jury trial request on time. That being so, any prejudice suffered by the appellant was occasioned by neither judicial nor prosecutorial action and cannot serve as a basis for dismissal. That being so, this point on appeal must also fail.

Accordingly, the entry will be:

Appeal DENIED; REMANDED to the District Court for action consistent with this Decision and Order.

Dated: May 3 , 2000

John R. Atwood
Justice, Superior Court

8

| Date Filed | 6/4/99 | KENNEBEC | Docket No. | AR99-003 |
|---|---|---|---|---|

County

Action ___APPEAL___

State of Maine          vs.          BRYAN GORDON     2/26/66

| Offense | Attorney |
|---|---|
| OPERATING UNDER THE INFLUENCE<br>T. 17-A SEC. 2411 (1)<br>CLASS D | SUMNER LIPMAN, ESQ. |

| Date of Entry | |
|---|---|
| 6/4/99 | APPEALED FROM DISTRICT COURT DIVISION OF NORTHERN KENNEBEC. |
| 07/22/99 | Letter from Electronic Recording to Walter Mckee, Esq. Stating that transcript will be mailed as soon as payment is received, filed. |
| 8/3/99 | Transcript of Hearing on 9/9/9 on Motion to Allow Late Filing filed from Electronic Recording.<br>Transcript of Hearing on 2/17/99 on Motion to Dismiss filed from Electronic Recording. |
| 08/03/99 | BRIEFING schedule mailed to counsel.  Appellants brief due September 2, 1999. |
| 09/07/99 | Defendant's Unopposed Motion for Extension of Time Within Which to File Brief filed. |
| 9/9/99 | On 9/8/99:<br>Motion for Extension of Time is GRANTED.  Time enlarged to 9/16/99.<br>s/Studstrup, J.<br>Copies to attys. |
| 09/16/99 | APPELLANT'S BRIEF FILED. |
| 10/5/99 | Transcript Order filed by D.A. for hearings held in District Court.<br>Attested copy sent to Electronic Recording. |
| 10/7/99 | Original Transcript of Arraignment on 8/5/98 in District Court filed. |
| 10/15/99 | State's Motion to Extend Time for Filing Appellee's Brief filed. |
| 10/18/99 | State's Motion to Extend Time for Filing Appellee's Brief GRANTED by Justice Hjelm. State's Brief due by 10/29/99. Copy to State and Sumner Lipman Esq. |
| 10/29/99 | BRIEF OF THE APPELLEE FILED. |
| 11/08/99 | Appellant's Reply Brief filed. |
| 3/28/00 | Hearing had on Oral Argument with Justice Atwood, presiding, Walter McKee, Es<br>for Petitioner and James Mitchell, ADA.<br><br>Parties to file brief.<br><br>Case under advisement. |
| 4/11/00 | ADDENDUM TO BRIEF OF THE APPELLEE FILED. |
| 5/4/00 | DECISION AND ORDER filed.  s/Atwood, J.    (signed on 5/3/00)<br>Appeal DENIED; REMANDED to the District Court for action consistent with this Decision and Order.<br>Copies to Attys., Deborah Firestone, Garbrecht Law Library and Donald Goss. |