STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, SS.                           Criminal
                                        Docket No. AUGSC-CR-2012-602


STATE OF MAINE            )
                          )
                          )
                          )
          v.              )        ORDER ON DEFENDANT'S
                          )        MOTION TO SUPPRESS
                          )
ERIC BARD,                )
          Defendant.      )


Pending before the court is the Defendant's Motion to Suppress the evidence found on a micro SD card seized from his bedroom and the ultimate search of the micro SD card after a warrant was obtained. For the reasons stated below, the motion is denied.

The first argument advanced by the Defendant is that the search of his bedroom that found the micro SD card was unreasonable[1]. There is no dispute that law enforcement did not have a warrant for the search and there is no dispute that the Defendant consented to the search of his bedroom for computers. The dispute centers around the scope of that search.

For the search to be justified based on consent, the State must prove "by a preponderance of the evidence 'that an objective manifestation of consent was given by word or gesture.'" *State v. Nadeau*, 2010 ME 71, ¶ 17, 1 A.3d 445 (citing *State v. Seamen's Club*, 1997 ME 70, ¶7, 691 A.2d 1248.) That consent must be "given freely and voluntarily." *Id.* The scope of the consent is determined by "what would the typical

_____

[1] Though consent was given by other residents of the home to search other parts of the home for computers and to seize those computers, the parties agree that the Defendant's consent was necessary for the search of his separate bedroom.

1

reasonable person have understood by the exchange between the officer and the suspect?" *State v. Bailey*, 2010 ME 15, ¶ 26, 989 A.2d 716.

The Defendant argues that though he consented to the search of his bedroom for computers, the scope of that consent was not so broad that it allowed the search of the camera case where the micro SD card was found. However, it is obvious from the recorded conversation between the Defendant and law enforcement that the search was for devices that could contain child pornography. This was not, for example, an investigation looking for stolen computers. A reasonable person would know that the focus of the search was for computer devices that could contain child pornography.

During the interview, the Defendant was asked in detail about his viewing of child pornography and he admitted that it may be found on multiple computers within the home. He also admitted to viewing child pornography on the computer that he recently sold. During the conversation, the investigator talked about looking for paperwork concerning the recently sold laptop and about photographs or videos that the Defendant possessed. Though the term primarily used by the investigator was computers, the discussion with the Defendant made clear that the purpose of the search was to find devices that might contain child pornography. The Defendant knew what law enforcement was looking for and why and freely consented to the search continuing. After a conversation of nearly a half hour where the focus was the Defendant's viewing of child pornography, the Defendant agreed to one final look through his room before the officers left. It was then that the micro SD card was found in a camera case.

Based on the record established at the suppression hearing, the court finds that the Defendant's consent was not limited to computers and included devices that could contain child pornography, such as the micro SD card. However, even if the consent

2

was limited to computers, even in 2012 there existed hand held computers that could have been located in the camera case where the micro SD card was found. As a result, under either scenario, the search was within the scope of the consent.

The Defendant next challenges the seizure of the micro SD card. There is no dispute that the Defendant objected to the seizure of the micro SD card once it was found and did not consent to it being seized. The State argues that the seizure was supported by probable cause and exigent circumstances.

Searches and seizures typically require a warrant. *State v. Michael M.*, 2001 ME 92, ¶ 6, 772 A.2d 1179. Nevertheless, officers may seize property without a warrant under the exigent circumstances exception to this general rule. *State v. Drewry*, 2008 ME 76, ¶ 20, 946 A.2d 981. Exigent circumstances require probable cause and a "compelling need to conduct a seizure and insufficient time to secure a warrant." *Id.* A digital device that could easily be destroyed falls under the exigent circumstances exception if the officer had probable cause that it "had evidentiary value in the investigation of the suspected crimes." *United States v. Henry*, 827 F.3d 16, 28 (1st Cir. 2016).

"Probable cause" is synonymous with "reasonable grounds". *State v. MacKenzie*, 161 Me. 123, 138, 210 A.2d 24, 33 (1965). Probable cause has been defined as the evidence required to persuade a man of reasonable caution to believe that a crime is being committed or that it has been committed. *Carroll v. United States*, 267 U.S. 132, 162 (1925); *Henry v. United States*, 361 U.S. 98, 102 (1959). "In dealing with probable cause . . . as the very name implies we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinegar v. United States*, 338 U.S. 160, 175 (1949).

3

In this case, ample probable cause existed for the officers to believe the micro SD card contained contraband. Law enforcement came to the Defendant's home to investigate a troubling Craig's List ad that sought pictures of children and expressed an interest in bathing children and putting children to bed for free. When questioned, the Defendant admitted to placing the ad under a false name. During further questioning, he admitted to looking at child pornography when he was 14 and that he had started to look at it again recently. He admitted that he had installed a peer to peer program like LimeWire and/or Frosty Wire, which are commonly used by individuals looking for child pornography. He admitted to using or seeing terms like PTCH, preteen, and Pedo, terms that investigators knew were commonly used to search for child pornography. He admitted that he had 4 computers, had recently sold a fifth, and has access to 2 other computers in the home. He agreed that any of the 6 computers in the home could contain child pornography. A preview of computers found in the home, done by consent, found child pornography. The investigators knew from experience that people interested in child pornography often collect and store the material.

The Defendant next argues that even if probable cause existed that the micro SD card contained contraband, there were not exigent circumstances justifying removing the micro SD card from the home because law enforcement had the resources to obtain a warrant that day before taking the micro SD card from the home.

This argument is resolved by application of the First Circuit's decision in *Henry*. The micro SD card is a digital device that could easily be destroyed and the officers, as described above, had probable cause that it "had evidentiary value in the investigation of the suspected crimes." *Henry*, 827 F.3d at 28. As a result, exigent circumstances existed to justify seizing the micro SD card and removing it from the home while a warrant was obtained.

4

The next question is whether the ten-day delay between the lawful seizure of the micro SD card and the acquisition of a warrant makes the search of the micro SD card unreasonable under the Fourth Amendment.

"A seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests." *United States v. Jacobsen*, 466 US 109, 124 (1984). Therefore, "a seizure based on probable cause is unconstitutional if the police act with unreasonable delay in securing a warrant." *United States v. Mitchell*, 565 F.3d 1347, 1350 (11th Cir. 2009). This analysis is done on a case-by-case basis. *Id.* at 1351. In *Mitchell*, a 21-day delay between seizure of a hard drive and acquisition of a warrant was determined to be unreasonable. *Id.* at 1352.

Courts consider a number of factors when evaluating a defendant's possessory interest in seized property. Computers and their storage devices seem to heighten the defendant's possessory interest somewhat, as they often contain "personal letters, e-mails, financial information, passwords, family photos, and countless other items of a personal nature." *Mitchell*, 565 F.3d at 1351. A failure to seek the return of the property or object to its taking may support an inference that the defendant's possessory interest is diminished. *United States v. Johns*, 469 US 478, 487 (1985). The duration of the delay is also an important factor in measuring the intrusion into the possessory interest. *See Place*, 462 US at 709.

On the State's side, a backlog of cases may sometimes be a reasonable justification for a longer delay. *Mitchell*, 565 F.3d at 1353; *United States v. Butler*, 2020 U.S. Dist. LEXIS 51782 at **23-24 (Fla. M.D. 2020). However, where the delay is due to the officers simply feeling that there was "no rush," it is far less likely to be reasonable in the eyes of a court. *Mitchell*, 565 F.3d at 1353. In *United States v. Fulton*, 914 F.3d 390

5

(5th Cir. 2019), the court found that a nine-day delay in obtaining a warrant after seizing a cell phone was reasonable and noted that the length of time showed "some attentiveness but not zeal by police."

In this case, the Defendant's possessory interest in a micro SD card that he asserted had "some personal things on it" is significant. In his testimony, the officer responsible for obtaining the warrant offers no explanation for the delay beyond a day or two to obtain the results of the preliminary review of the computers seized by consent.

Ultimately, in this case, the court's decision turns on whether a ten-day delay in obtaining a warrant is unreasonable when the Defendant's possessory interest is significant and no justification for the delay is offered[2]. In *Fulton*, 914 F.3d 390, the court found that a nine-day delay in obtaining a warrant after seizing a cell phone was reasonable and noted that the length of time showed "some attentiveness but not zeal by police." The same is true here. While best practice would have been to obtain a warrant in a more timely manner, the ten-day delay does not rise to the level of a constitutional violation when the initial seizure was lawful[3].

Finally, the Defendant argues that the affidavit submitted to obtain the warrant to search the micro SD card did not establish probable cause necessary to allow the search of the micro SD card. When reviewing the applicable affidavit and warrant with the deference required, this court finds that the warrant in question was supported by

---

[2] The State argues that the doctrine of inevitable discovery applies to this situation. By its plain terms, it does not.

[3] Though the length of the delay alone does not decide the issue, the delay has been longer in cases where courts have determined that a delay in obtaining a warrant makes the resulting search unreasonable.

6

an affidavit showing sufficient evidence for the magistrate to make a finding of probable cause to allow the search of the micro SD card.

For these reasons, the Defendant's Motion to Suppress is DENIED.

Dated: September 7, 2021

JUSTICE, MAINE SUPERIOR COURT

STATE OF MAINE                          SUPERIOR COURT
KENNEBEC,SS.                            DOCKET NO. CR-12-602

STATE OF MAINE

    v.                                 ORDER ON MOTION TO SUPPRESS

ERIC BARD,
        Defendant

Before the court is defendant's motion to suppress all statements and evidence in the possession of the State resulting from activities of the police at his residence on June 19, 2012 and thereafter.

As a result of a communication to law enforcement regarding an unusual posting on Craig's List in which an individual placed an advertisement offering services for baby sitting young children and giving them a bath, the Maine State Police initiated an investigation to determine the source. Having identified the location of the source of the ad, the officers visited a residence in Sidney which turned out to be the home of the defendant.

The mother of the defendant invited the officers into the home where they discovered entry into a finished and furnished porch identified by the defendant as his bedroom. After some period of denial as to the ad, the defendant admitted he had placed it on Craig's List. He also advised the police that he had access to multiple computers in the home. The officers and the defendant were conversational in their demeanor, even when the subject of child pornography was introduced wherein the defendant admitted to viewing the same years ago as a teenager, albeit accidently.

However, he later admitted to accessing and downloading certain named web sites which are limited to users with a child porn interest. To the request by the officer to view his computers, the defendant admitted that the computers may contain child pornography including a computer he had sold some date previously. The officers examined defendant's bedroom without objection and came across a "thumb drive" and a Motorola SanDisk, 8 GB(SD Card). When asked if they could take the items and examine the contents, the defendant replied that he had no objection to the thumb drive but objected to them examining the SD Card because it "has personal information on it." Rather than securing the premises and obtaining a search warrant for the disk, the officers took possession and removed it to the Computer Crime Lab.

Some ten days later, the State Police obtained a search warrant and examined the contents of the disk leading to the indictment in the present case.

The defendant has presented evidence that the disk cannot be read without a device and program not found by the officers in the defendant's possession. Accordingly, he argues they did not have probable cause to believe there was admissable evidence on the disk and further, no legal authority to take possession over the objection of the defendant.

From the outset, the defense has raised an issue of competency of the defendant. While the court on two occasions has found the defendant competent to stand trial, it is agreed that he is of limited intelligence and has a slow processing time in responding to questions or comments. The defense argues this puts a particular heavy burden on the State to show consent to search the premises and comments made by the defendant. To meet its burden, the State presented to the court a recording of most of the proceedings of June 19th.

The events took place in defendant's bedroom and while sitting on the lawn of the residence. He was not under arrest nor restricted in any way. While the officer was persistent in his questions, he was not threatening in any way nor did he become accusatory. He allowed the defendant to move from denial to admission on his own accord. While his answers were slow in coming, he responded in a conversational tone with details that were appropriate to the questions. This was true even when he avoided eye contact, changed his demeanor, had a tear in his eye and put his head in his hands. He never asked the officers to leave or to leave himself, never refused to talk or asked the questions to stop. He willingly signed a consent form for search of the contents of the computers present. No promises were made by the officers and the recording does not display any "browbeating" in the questioning.

It took some time for the defendant to realize that the interest of the officers was in finding something "inappropriate" on his computers. At this point he started asking questions about the seriousness of the conduct and length of jail sentences. Nevertheless, he continued to answer questions and was completely cooperative until the SD Card came into play.

In the final analysis, the officers went to the residence to determine the purpose and circumstances of an ad for babysitting services with reference to giving a bath. While it created some suspicion, it wasn't until the defendant's response to whether there was something "inappropriate" in his computers that a true articulable suspicion arose. Upon his admission that the computers did contain child pornography, the officers had probable cause to search the computers which was done with defendant's consent.

The taking of possession of the disk over the defendant's objection raises a genuine issue of the application of the exclusionary rule. Further, the delay of

ten days in obtaining a search warrant seems a violation of the right of possession by the owner.

State v. Nadeau, 2010 ME 71, 1 A. 3d 445, presents the same cicumstances although a somewhat different scenario. In Nadeau, the defendant offered the "flash drive" to the officers but never gave his consent to search his computer. The court held that the search of the flash drive was lawful due to Nadeau's consent. The warrantless search of the computer violated the Fourth Amendment because it was not authorized by Nadeu's consent. It was not justified by exigent circumstances and not authorized by law. However, because "Nadeau's computer would have been inevitability discovered by the authorities through lawful means, the initial warrantless seizure and the unlawful preview search do not require the remedy of suppression." As in Nadeau, rather than obtaining a search warrant at the scene for the disk, the taking of the disk over objection could be subject to suppression, particularly where the lab took ten days to obtain the warrant. However, it is only common sense to realize that any computer memory device found in an area where there is admitted child pornography on a computer is going to contain material from the same computer or computers.

Defendant's argument that the lack of proof of a means of access removes the probable cause is of no avail. It might be of interest to a factfinder but this court is not aware of any precedent to the effect that possession in any different form is not possession.

Under all the circumstances taken as a whole, the court is satisfied the defendant's Constitutional rights have not been violated or any violations were harmless under the doctrine of inevitability, the entry will be:

Defendant's motion to suppress is DENIED.

Clerkk may docket by reference.

Dated: August 14, 2014

Justice, Superior Court