STATE of Maine

v.

Donald J. ROWELL.

Supreme Judicial Court of Maine.

Argued Nov. 22, 1983.

Decided Dec. 19, 1983.

---

David M. Cox, Dist. Atty., Margaret Kravchuk (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Edward C. Russell (orally), Bangor, for defendant.

Before McKUSICK, C.J., NICHOLS, VIOLETTE, GLASSMAN and SCOLNIK, JJ., and DUFRESNE, A.R.J.

PER CURIAM.

Defendant Donald Rowell was convicted in the District Court (Bangor) of operating a motor vehicle while his license was suspended, a Class D offense. 29 M.R.S.A. § 2184 (Supp.1982–1983). Following an unsuccessful appeal to the Superior Court, he appeals to the Law Court, contending that he was improperly denied his right to a jury trial. We agree.

Defendant contends that he was not informed at his arraignment of his right to a trial by jury as is required by M.D.C. Crim.R. 5(b) and that therefore his failure to demand a jury trial during the 21 days following the arraignment cannot be "deemed" a knowing waiver of that right under M.D.C.Crim.R. 40(a). Defendant was arraigned in District Court on January 24, 1983. The transcript of the arraignment proceedings that day shows that at the outset the presiding judge addressed an unidentified group of people present in the courtroom. The judge informed the assembled group of the right to be represented by an attorney and also said:

> If you're charged with a Class D or E crime, you are entitled to a jury trial. Since this Court has no jury, you have 21 days to make up your mind whether to have the case tried before a jury in Superior Court or tried here in this Court without a jury. You also have a 21 day period in which you can, if you wish, file any motions you wish concerning your case.

Then, according to the transcript of the electronic recording of the proceedings, the judge discussed unrelated matters that are identified as "index numbers 69 to 209." Finally, the judge called defendant Donald Rowell's case and he approached the bench. The judge read defendant the charge; and, after a colloquy on an unrelated question, defendant pleaded not guilty. Rowell was not addressed individually concerning his rights or whether he had heard the mass instruction. On the District Court complaint the judge crossed out the word "No" to leave only the word "Yes" opposite the words "Advised of Rights." The District Court docket—presumably prepared later in the clerk's office on the basis of the judge's notations on the complaint—reads: "1/24/83; reading held," "Arraigned: advised of rights per M.D.C.Crim.R. 5(b)."

Defendant claims that in fact he was not advised of his right to request a jury trial because, he asserts, he arrived late at the arraignment proceedings, after the presid-

ing judge had informed the assembled group of the right to jury trial. From the record that defendant has brought up on appeal, we have no way of determining whether he was or was not in the courtroom from the start of the mass instruction. In any event, we find that the method used by the District Court to lay a basis for inferring that defendant had by inaction waived his right to a jury trial was critically inadequate.

Effective January 2, 1982, the Supreme Judicial Court as the rulemaking authority for all Maine courts, amended the District Court Criminal Rules for the purpose of implementing the single trial law,[1] 15 M.R.S.A. § 2114 (Supp.1982–1983). *See* Me. Rptr., 434–440 A.2d LXXXVI. "The heart of [the implementing changes was] contained in amendments to District Court Rules 5(b) and 40(a)." Notes of the Single Trial Committee and the Advisory Committee on Criminal Rules, Me.Rptr., 434–440 A.2d XCI. M.D.C.Crim.R. 40(a) was amended to declare that a defendant may be deemed to waive his constitutional right to a jury trial by inaction:

> Unless a demand for trial by jury is made not later than 21 days after arraignment, the defendant shall be deemed to have waived his right to trial by jury.

To complement that waiver provision, M.D. C.Crim.R. 5(b) was amended to require that at arraignment "[t]he defendant shall be advised of his right to trial by jury and of the necessity of a demand for jury trial in accordance with these rules."[2] The Advisory Committee on Criminal Rules and the special committee of judges established to formulate rules to implement the single trial law agreed that the defendant must be given both of two kinds of advice:

> 1) Advice that is adequate to enable the defendant to make a free and intelligent choice; and
>
> 2) Advice about how to make a demand for a jury trial.

*See* Me.Rptr., 434–440 A.2d at XCII.

It is well settled that, in order to be effective, waiver of the constitutional right to trial by jury must be made "voluntarily and intelligently." *State v. Boilard,* 359 A.2d 65, 68 (Me.1976). *See Adams v. United States ex rel. McCann,* 317 U.S. 269, 275, 63 S.Ct. 236, 240, 87 L.Ed. 268 (1942). The record before us fails to show that defendant Rowell ever made a voluntary and intelligent waiver of that constitutional right. First, even if Rowell was present to hear all of the mass instruction, the presiding judge's statement, as quoted above, about criminal defendants' right to a jury trial failed to drive home to his hearers the necessity of making a *demand* for a jury within 21 days and the waiver consequence of failing to do so.

Second, the mass instruction to an unidentified group present in the courtroom by itself is not enough to discharge the obligation of Rule 5(b) and to justify an inference of a voluntary and intelligent waiver under Rule 40(a).[3] The right to a jury belongs to the individual defendant; only he, after being fully advised, can be considered to have waived it by doing nothing for 21 days. It is incumbent upon District Court judges in conducting arraignments to take affirmative steps reasonably

---

1. 15 M.R.S.A. § 2114 (Supp.1982–1983), enacted by P.L.1981, ch. 487, effective January 1, 1982, eliminated the traditional *de novo* trial on appeals from the District Court to the Superior Court. It reads in full:

   In all Class D and E criminal proceedings, the defendant may waive his right to jury trial and elect to be tried in the District Court, as provided by rule of the Supreme Judicial Court. An appeal to the Superior Court following trial and conviction in the District Court shall be only on questions of law.

2. At the same time M.D.C.Crim.R. 39A was amended to require the electronic recording of all arraignments.

3. We do not mean to suggest that a mass instruction may not be used as a proper part of the process required by Rule 5(b). Standing alone, however, it is inadequate to establish that an individual defendant understood it, or even heard it.

designed to make *each* defendant *himself* aware of his individual right to a jury trial and of the demand that he must make within 21 days if he is to avoid a binding inference of waiver. This record shows that no such affirmative steps vis-a-vis defendant Rowell were taken.

Since defendant has never effectively waived his right to a jury trial and since he asserts on appeal that he wants a jury trial, his conviction in the District Court must be vacated, and on remand to the Superior Court his case shall be treated as if transferred to that court under M.D.C. Crim.R. 40. The Superior Court should place this case on the trial list forthwith.

The entry is:

Judgment of the Superior Court vacated; case remanded to the Superior Court (i) for entry of judgment vacating the District Court judgment and ordering the District Court's entire original file and any bail to be transmitted to the Superior Court pursuant to M.D.C.Crim.R. 40(b), and (ii) for further proceedings in the Superior Court as a case transferred under M.D.C.Crim.R. 40.

All concurring.