STATE of Maine

v.

Thomas S. DUNN.

Supreme Judicial Court of Maine.

Argued Sept. 18, 1986.
Decided Nov. 4, 1986.

David W. Crook, Dist. Atty., William Baghdoyan (orally), Asst. Dist. Atty., Skowhegan, for the State.

Thomas Dunn (orally), Albion, pro se.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

PER CURIAM.

The District Court (Skowhegan) convicted defendant Thomas S. Dunn of the Class D offense of operating after suspension in violation of 29 M.R.S.A. § 2184 (Supp. 1985). On appeal, the Superior Court (Somerset County) affirmed, rejecting Dunn's argument that he had, within 21 days after his arraignment, made the demand for a jury trial that is required under M.D.C. Crim.R. 40(a) to prevent an inference of waiver of his right to a jury trial.

On Dunn's appeal to this court the only question that deserves our consideration is whether he made an adequate demand for jury trial by filing a "demand" that the District Court consider "all notices, demands, and petitions" that he as the defendant had filed in the same court in a recent related case. Finding that Dunn's omnibus "demand" was effective as a re-

quest for a jury trial, we vacate the Superior Court's affirmance of the District Court's conviction and remand to permit Dunn to have a jury trial.

The present prosecution arises out of Dunn's operation of a motor vehicle in Fairfield on October 15, 1984. Promptly thereafter he was charged in the District Court (Skowhegan) with operating after suspension. Along with many other motions and demands, Dunn made a timely demand for a jury trial and the case was transferred to the Superior Court (Somerset County). Before trial, however, that court dismissed the complaint for a pleading deficiency.

Thereupon the State filed in the District Court (Skowhegan) a new and sufficient complaint against Dunn. On May 1, 1985, the District Court judge arraigned Dunn on the new complaint. On May 22, 1985, Dunn filed with the District Court a document that he contends constituted a demand for jury trial. Pleading indigence that he claimed made him unable to bear the cost of "reproducing the Demands, Petitions and Notices" filed in the earlier related prosecution, which he identified by District Court docket number, Dunn declared that all of those demands were being reasserted in the instant case. The District Court judge on May 31, 1985, dismissed Dunn's motion attempting to incorporate by reference all the demands he had filed in the first case. Dunn went to trial in the District Court and was convicted on two counts of operating after suspension. On appeal, the Superior Court affirmed the conviction on Count I, but ordered dismissal of Count II of the complaint. Dunn

took a timely appeal to this court from the affirmance of his conviction on Count I. The dismissal of Count II is not here in issue.

■ Pursuant to M.D.C.Crim.R. 40(b) "the District Court's entire original file in the [previous] case" had been transmitted to the clerk of the Superior Court, and thus was not available to the District Court for use in the new proceeding. On the other hand, the District Court did not need to have those original papers before it to know that Dunn was demanding a jury trial in this second case. Even without them, it was obvious that Dunn had filed a demand for a jury trial in the first proceeding in order to trigger the transfer of that case to the Superior Court. By his May 22, 1985, filing, Dunn stated that a similar demand for a jury trial applied in the current proceeding. Furthermore, by that filing Dunn "demand[ed] all rights under the Constitution of the United States/Common Law," which plainly encompassed the right to a jury trial. *See Codispoti v. Pennsylvania,* 418 U.S. 506, 512, 94 S.Ct. 2687, 2691, 41 L.Ed.2d 912 (1974) (defendant charged with Class D crime has a federal constitutional right to jury trial). In these circumstances the case should have been transferred to the Superior Court, our only court providing a jury trial.

■ Our "single trial rules", M.D.C. Crim.R. 5(b)[1] and 40(a),[2] are based on the principle that a criminal prosecution commenced in the District Court may be tried to judgment there only if the defendant voluntarily and intelligently waives his con-

1. M.D.C.Crim.R. 5(b), which governs arraignments in the District Court, provides:
   The defendant shall be advised of his right to trial by jury and of the necessity of a demand for jury trial in accordance with these rules.

2. M.D.C.Crim.R. 40 reads in full as follows:
   (a) In all prosecutions in the District Court the defendant may demand a trial by jury. Unless a demand for trial by jury is made not later than 21 days after arraignment, the defendant shall be deemed to have waived his right to trial by jury. Upon timely demand for jury trial, the District Court shall proceed

to hear all pretrial matters prior to transfer to the Superior Court for jury trial. Any issue under Rules 3, 12, 13, 14, 15, 16, 16A, 21, 22, 41, 44, and 46 not presented to the District Court prior to transfer shall be deemed waived. Any ruling by the District Court shall be considered as a pretrial ruling in the Superior Court.
   (b) Immediately upon the issuance of an order transferring a case to the Superior Court, the clerk shall transmit to the Superior Court the District Court's entire original file in the case and any bail that has been taken.

stitutional right to be tried by a jury. *See* "Notes of the Single Trial Committee and the Advisory Committee on Criminal Rules," 434–440 A.2d xci (1981). Those rules lay out a simple, routine method by which the District Court in each case can determine whether that waiver has occurred. By that routine method, the determination of waiver depends upon two factual predicates: first, a warning to the defendant at arraignment that he must demand a jury trial within 21 days after arraignment or he will be taken to have waived his right to a jury trial; and, second, a failure on the part of the defendant to demand a jury trial within that set period. In *State v. Rowell,* 468 A.2d 1005 (Me.1983), we vacated the District Court conviction because we were not satisfied that the first factual predicate for a waiver had been satisfied. In the case at bar, we must do the same because we are not satisfied that the second factual predicate is satisfied. Here, the present defendant did evidence his desire to have a jury trial. The filing that Dunn made on the 21st day after his arraignment contradicted any inference that Dunn waived his "constitution-al right to trial by jury ... 'voluntarily and intelligently.' " *Id.* at 1007 (quoting *State v. Boilard,* 359 A.2d 65, 68 (Me.1976)).

The entry is:

Judgment remanding Count II of the complaint to the District Court for dismissal affirmed.

Judgment relative to Count I of the complaint vacated; case remanded to the Superior Court (i) for entry of judgment vacating the District Court judgment and ordering the District Court's entire original file and any bail to be transmitted to the Superior Court pursuant to M.D.C.Crim.R. 40(b), and (ii) for further proceedings in the Superior Court as a case transferred under M.D. C.Crim.R. 40.

All concurring.