**STATE of Maine**

v.

**Pamela LENFESTEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 5, 1989.

Decided May 9, 1989.

R. Christopher Almy, Dist. Atty., Bangor, for State.

Pamela Lenfestey, Addison, pro se.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

McKUSICK, Chief Justice.

Contrary to Pamela Lenfestey's contention, it does not unconstitutionally restrict her right to trial by jury to require her to elect within 21 days after arraignment whether to exercise that right. Also finding no merit in any of her other contentions, we affirm the judgment of the Superior Court (Penobscot County, *Smith, J.*) affirming her theft conviction by the District Court (Bangor, *Cox, J.*). 17–A M.R.S. A. § 353 (1983).

The Maine Declaration of Rights guarantees all criminal defendants, even

those charged with petty crimes, the right to trial by jury. Me. Const. art. I, § 6. *Compare State v. Sklar,* 317 A.2d 160, 166 (Me.1974), *with Duncan v. Louisiana,* 391 U.S. 145, 159–60, 88 S.Ct. 1444, 1452–53, 20 L.Ed.2d 491 (1968). Although Class D and Class E crimes are usually tried in the District Court, where trial by jury is unavailable, defendants in such cases retain the constitutional right to demand a jury trial in the Superior Court. "Unless a demand for trial by jury is made not later than 21 days after arraignment," however, "the defendant shall be deemed to have waived his right to trial by jury." M.D.C. Crim. R. 40(a).[1]

Rule 40 establishes a "simple, routine method by which the District Court in each case can determine whether ... waiver has occurred." *State v. Dunn,* 517 A.2d 325, 327 (Me.1986). It allows the defendant ample time to make a considered decision whether to exercise or waive the right to trial by jury, while avoiding the disruption that would result from permitting the defendant to remove the case to the Superior Court at the moment the District Court trial is to commence. As long as Rule 40 is administered in a way that ensures that any waiver of rights thereunder is intelligent and voluntary, its default provision is constitutional. *See id.; State v. Rowell,* 468 A.2d 1005, 1007 (Me.1983).

Lenfestey's failure to make a timely demand for a jury trial was not only voluntary but deliberate. She was charged with shoplifting $50.22 worth of merchandise from Rich's department store. Theft of property valued at $500 or less is a Class E offense triable in the District Court. 17–A M.R.S.A. § 362(5) (1983). At her arraignment on April 25, 1988, Lenfestey, along with the other persons to be arraigned that morning, was given a jury demand form. The judge explained that each defendant was entitled to elect a jury trial but could do so only by filing the form within 21 days. Then, in accordance with the procedure required by *State v. Rowell,* 468 A.2d at 1007–08, the judge questioned Lenfestey individually to make sure she understood the consequences of failing to make an affirmative demand for a jury trial within 21 days.

Lenfestey, however, chose to wait until the day after the deadline, two days before her scheduled trial date, before in any way asserting her right to trial by jury. She acknowledged that she received the jury demand form and fully understood the instruction, but explained to the trial judge that "if I signed that paper, it may give you jurisdiction." That her jurisdictional challenge is groundless does not change the nature of her decision. She followed her strategy at her peril. Her jury demand is no less untimely for being only a single day late. *See Rice v. Amerling,* 433 A.2d 388, 389 (Me.1981). Any grace period that fairness might require is already incorporated into the allotted 21 days; in no way was Lenfestey a victim of circumstances beyond her control.

We have previously rejected the argument made by Lenfestey that she has a constitutional right to be represented by a nonlawyer. *See State v. Goodno,* 511 A.2d 456, 457 (Me.1986). We also reject her argument that a charge of Class E theft may not constitutionally be prosecuted on complaint in absence of waiver of indictment. *See Opinion of the Justices,* 338 A.2d 802 (Me.1975). Her remaining arguments are completely frivolous. *See State v. Gibson,* 108 Idaho 202, 697 P.2d 1216 (App.1985). She contends, for example, that the District Court lacks jurisdiction over her because the United States Supreme Court has original jurisdiction "[i]n all Cases ... in which a State shall be Party," U.S. Const. art. III, § 2. Merely to state the proposition reveals its utter lack of merit.

The entry is:

Judgment affirmed.

All concurring.

---

1. On June 1, 1989, the Maine District Court Criminal Rules will be merged into the Maine Rules of Criminal Procedure. The quoted provision will be recodified at M.R.Crim.P. 22(a).