**STATE of Maine**

v.

**Nicholas KOVTUSCHENKO.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 12, 1990.
Decided June 29, 1990.

William R. Anderson, Dist. Atty., Geoffrey Rushlau, Asst. Dist. Atty., Bath, for plaintiff.

Nicholas Kovtuschenko, Richmond, pro se.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

WATHEN, Justice.

Defendant Nicholas Kovtuschenko appeals from convictions in the Superior Court (Sagadahoc County; *Bradford, J.*) for assault, 17–A M.R.S.A. § 207 (1985 and Supp.1989), and operating a motor vehicle after suspension, 29 M.R.S.A. § 2184 (1978 and Supp.1989). Defendant contends on appeal that the complaint for assault was not properly before the Superior Court and he also challenges the sufficiency of the evidence supporting both convictions. We affirm the judgments.

After being stopped by a police officer, defendant was issued a uniform traffic ticket for operating after suspension. As a result of an altercation involving defendant and the officer after he was stopped, defendant was issued a written summons to answer to a charge of disorderly conduct. By letter sent from his attorney, defendant entered a plea of not guilty to the charges and requested a jury trial in Superior

Court. The complaint actually filed in the District Court alleged a simple assault rather than disorderly conduct. Nonetheless, the District Court entered defendant's not guilty plea on the assault charge and transferred the cases to the Superior Court for trial. After jury selection in the Superior Court, defendant moved to dismiss the assault complaint on the ground that he had never been arraigned on that charge. The trial justice denied the motion, and the jury found defendant guilty of both offenses.

Our procedural rules provide that "for offenses punishable by fine or by imprisonment for less than one year, or both, the court may permit arraignment ... of a represented defendant in the defendant's absence." M.R.Crim.P. 43. Defendant contends, however, that his arraignment was defective because the letter of his attorney was directed to a charge of disorderly conduct rather than assault. Because such a defect does not deprive the Superior Court of jurisdiction, the defense is waived.

M.R.Crim.P. 12(b)(2) states in relevant part that:

> Defenses and objections based on defects in the institution of the prosecution or in the indictment, information, or complaint on appeal from the District Court, other than it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial.... Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment, information, or complaint on appeal from the District Court to charge an offense shall be noticed and acted upon by the court at any time during the pendency of the proceeding.

The relevant exception noted in the rule refers to subject matter jurisdiction. 1

Cluchey & Seitzinger, *Maine Criminal Practice* § 12.4 at 12–10 (1989). The Superior Court and the District Court have concurrent jurisdiction over the Class D crime of assault. Any failure to comply with the arraignment procedure set forth in M.R. Crim.P. 10 "is not jurisdictional unless the defendant has been prejudiced, and will not result in reversal if the issue is not raised prior to trial." 3 Glassman, *Maine Practice* §§ 10.1, 10.3 at 99 (1967) (citing *Garland v. Washington*, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772 (1914)). Defendant failed to show any cause why he should be granted relief from the waiver. Defense counsel admitted that he received the discovery from the State six months before the trial date, but did not read through it at that time. Defense counsel admitted that three months before the trial date he moved for a continuance of the two complaints after they appeared on the Superior Court docket. Finally, defense counsel stated that he was aware of the defect two days before trial and, yet, he waited until after the jury was selected and sworn before objecting. Accordingly, there is no basis to grant relief from the waiver.

Our review of the record persuades us that the jury could rationally conclude that defendant's guilt of both offenses had been established beyond any reasonable doubt. *State v. Barry*, 495 A.2d 825, 826 (Me. 1985).

The entry is:

Judgments affirmed.

All concurring.