1997 ME 9

**STATE of Maine**

v.

**Bruce V. MAYBERRY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 20, 1996.

Decided Jan. 17, 1997.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, ME, for State.

Bruce V. Mayberry, Windham, ME, pro se.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

[¶ 1] Bruce V. Mayberry appeals from a judgment entered in the Superior Court (Cumberland County, *Brodrick, J.*) affirming his conviction for assault, 17–A M.R.S.A. § 207 (Class D) (1983 & Supp.1996), entered in the District Court (Portland, *MacNichol, J.*) following a trial. On appeal Mayberry contends that his conviction must be overturned, *inter alia,* because he was not arraigned prior to trial and the court failed to hold a probable cause hearing within forty-eight hours of his arrest. We affirm the conviction.

[¶ 2] Mayberry was arrested for assault on July 7, 1995. Arraignment proceedings commenced on July 10. The court informed Mayberry of his right to a trial and a court-appointed attorney, and of the charge. Mayberry, however, refused to cooperate, refused to identify himself and professed not to understand anything. An attorney was appointed to represent him and the court ordered a Stage One evaluation pursuant to 15 M.R.S.A. § 101–B (Supp.1996). Although an arraignment had actually taken place, the court directed that the record reflect that "there has been no arraignment."

Following a trial on September 18, 1995, Mayberry was found guilty of assault.

[¶ 3] Mayberry appealed to the Superior Court, contending that he had not been arraigned and that no probable cause hearing was held within forty-eight hours as required by M.R.Crim.P. 5A(d). This appeal followed the Superior Court's affirmance of the District Court.

[¶ 4] M.R.Crim.P. 10 provides in pertinent part:

Unless otherwise provided by law or by Rule 5B, arraignment shall be conducted in open court and shall consist of reading

the indictment, information or complaint to the defendant or stating to the defendant the substance of the charge and calling on the defendant to plead thereto. The clerk shall cause a copy of the indictment or information to be furnished to the defendant or the defendant's counsel before the defendant is called upon to plead and notation thereof shall be made in the docket. When the offense charged is a Class D or Class E crime, a represented defendant may enter a plea in writing without the necessity of an arraignment in open court unless the court requires the defendant to appear personally....

 [¶ 5] Mayberry contends that because he was not arraigned, his conviction should be vacated. We disagree. The record reflects that the essential purposes of an arraignment were fulfilled at the proceeding on July 10, 1995, when the court informed Mayberry of the substance of the assault charge, his right to a trial and to a court-appointed attorney. Indeed, an attorney was appointed to represent him.[1]

[¶ 6] Assuming that Mayberry's arraignment was substantially defective, however, and contrary to his contention, unless a defendant can show prejudice, a failure to comply with the arraignment procedure does not mean that a conviction must be vacated. *State v. Kovtuschenko,* 576 A.2d 206, 207 (Me.1990). Mayberry does not contend and certainly has not demonstrated that he was prejudiced in any way because of any claimed defects in the arraignment on July 10.

[¶ 7] Mayberry's additional contention concerning the lack of any probable cause determination within forty-eight hours of his arrest is also without merit.

[¶ 8] Rule 5A(d) of the Maine Rules of Criminal Procedure provides in part:

> **(d) Initial Determination of Probable Cause.** When a person arrested without a warrant is not released from custody within 48 hours after arrest ... a District Court judge or justice of the peace shall determine, within that time period, whether there is probable cause to believe that

an offense has been committed and that the defendant committed it.

. . . . .

> In the absence of a showing of such probable cause, the District Court or justice of the peace shall discharge the defendant.

[¶ 9] Although a probable cause hearing was never held regarding Mayberry's assault charge and Mayberry properly raised the issue before his trial by filing two affidavits and a motion to discharge, he is not entitled to have his conviction reversed. The remedy for a failure to find probable cause is not to vacate a conviction, but to release the defendant. *See* 1 Cluchey & Seitzinger, *Maine Criminal Practice,* § 5.2 at II–35 (1992). At his trial Mayberry was convicted of assault beyond a reasonable doubt. Accordingly, there is currently no real issue that probable cause did not exist to arrest Mayberry for assault. Other issues raised by Mayberry were not raised before the Superior Court and in any event, are without merit.

The entry is:

Judgment affirmed.

---

1. Mayberry's attorney withdrew on August 29, 1995. Mayberry was represented by a different attorney in his appeal to the Superior Court. He appears *pro se* before us.