2001 ME 34

**STATE of Maine**

v.

**Bryan GORDON**

Supreme Judicial Court of Maine.

Submitted on briefs: Nov. 21, 2000.

Decided: Feb. 20, 2001.

David W. Crook, District Attorney, Brad C. Grant, Asst. Dist. Atty., Augusta, for State.

Sumner H. Lipman, Walter F. McKee, Lipman & Katz, P.A ., Augusta, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CLIFFORD, Justice.

[¶ 1] Bryan Gordon appeals from a judgment entered in the Superior Court (Kennebec County, *Atwood, J.*) affirming his conviction for operating under the influence (Class D), 29–A M.R.S.A. § 2411(1) (1996 & Supp.2000) in the District Court (Augusta, *Vafiades, J.*). Gordon challenges the trial court's denial of his motion to dismiss (*Anderson, J.*) and the denial of his earlier motion for an extension of time to file a jury trial demand (*Vafiades, J.*). He contends that the denial of those mo-

tions deprived him of his right to a jury trial. We are unpersuaded by Gordon's contentions and affirm the judgment.

[¶ 2] Gordon, who was represented by retained counsel during all proceedings in this case, including his arraignment, was charged with operating under the influence and was arraigned in District Court on August 5, 1998. He entered a plea of not guilty. The court did not individually advise Gordon at his arraignment of his right to a jury trial, how to secure a jury trial, or that failure to make a timely request constitutes a waiver of this right. *See* M.R.Crim. P. 5(d)(2).[1] The State provided Gordon with automatic discovery at the arraignment.[2] The court set a trial date of September 9, 1998.

[¶ 3] On August 12, 1998, Gordon filed two motions with the District Court. He moved for an extension of time in which to file a demand for a jury trial, asserting that he had not obtained discovery from the State, and that he did not want to make a decision on transfer until he received the benefit of discovery.[3] Gordon's other motion requested additional discovery from the State.[4] The State received the discovery request on August 13, 1998, and provided the discovery information Gordon asked for by August 22, 1998.

---

1. Criminal Rules 5(d)(2) provides that the District Court should inform a person charged with a Class D crime who appears without counsel at arraignment of "the person's right to trial by jury and of the necessity of a demand for jury trial in accordance with these rules." M.R.Crim. P. 5(d)(2). "Unless a demand for trial by jury is made not later than 21 days after arraignment," a defendant charged with a Class D or E crime shall be deemed to have waived the right to a jury trial. M.R.Crim. P. 22(a).

2. M.R.Crim. P. 16(a)(3) provides:
   *Charge of a Class D or Class E Crime in District Court.* Discovery shall be provided to a defendant charged with a Class D or Class E crime in District Court within 10 days of arraignment.
   M.R.Crim. P. 16(a)(3).

3. The applicable rule relative to a request for an extension of time reads:

   Time
   . . .
   (b) Enlargement. When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period, permit the act to be done if the failure to act was the result of excusable neglect . . .
   M.R.Crim. P. 45(b).

4. Rule 16(b)(5) provides:

   Discovery shall be provided to a defendant charged with a Class D or Class E crime in District Court within 10 days of the request.
   M.R.Crim. P. 16(b)(5).

Gordon did not file a jury trial demand until September 4, 1998, thirty days after his arraignment.

[¶ 4] On September 9, 1998, the trial court denied Gordon's motion for a late transfer and request for a jury trial. Thereafter, Gordon filed a motion to dismiss, which the trial court denied on February 17, 1999. Gordon subsequently entered a conditional guilty plea pursuant to M.R.Crim. P. 11(a)(2), and appealed to the Superior Court. When the Superior Court affirmed Gordon's conviction, Gordon filed his appeal to this Court.

## I.

[¶ 5] Because Gordon entered his conditional plea in the District Court, and his appeal challenges the denial in the District Court of his motions to dismiss and for an extension of time in which to demand a jury trial, and because the Superior Court acted as an intermediate appellate court, we review the actions of the District Court directly. *State v. Dube*, 655 A.2d 338, 340 (Me.1995).

[¶ 6] Gordon first contends that the trial court did not provide appropriate warnings at his arraignment proceeding pursuant to M.R.Crim. P. 5(d), and that the record is void of evidence that he knowingly and voluntarily waived his right to a jury trial or that he had sufficient knowledge of his right to request a jury trial within the twenty-one days provided for in M.R.Crim. P. 22(a).

[¶ 7] A waiver of a right to a trial by jury is binding only if it is made "voluntarily and intelligently." *State v. Mank*, 501 A.2d 809, 811 (Me.1985); *State v. Rowell*, 468 A.2d 1005, 1007 (Me.1983). We have said that at arraignment a court must "drive home to [its] hearers the necessity of making a *demand* for a jury within 21 days" and that a defendant's failure to

make such a timely demand constitutes waiver. *Rowell*, 468 A.2d at 1007.

[¶ 8] The purpose of the notice requirement is to ensure that defendants are made aware of their right to a jury trial. Although in this case the court did not individually inform Gordon of his right to a jury trial at arraignment as required by M.R.Crim. P. 5(d)(2), Gordon was represented by an attorney at the arraignment and during all subsequent proceedings. A defendant represented by an attorney is in a different position than one who is unrepresented at arraignment. Attorneys are required to be familiar with the requirements of Rule 22(a). M.R.Crim. P. 10 [5] specifically provides for a represented defendant charged with a Class D crime, as Gordon was in this case, to enter a plea in writing, without an open court arraignment. The rules anticipate that a defendant will be informed of the rights addressed in Rule 5(d)(2) by counsel when the defendant is represented at arraignment, whether the arraignment occurs by mail or in court.

[¶ 9] Gordon filed a request to extend the time allowed to demand a jury trial fourteen days before the time to make such a demand expired. The only ground stated in the motion was based on an alleged lack of receipt of discovery material. Gordon's counsel acknowledged that the failure to file a timely jury demand was based on the practice of his office to file a jury trial demand only when the need to do so is clear. The failure of the court to inform Gordon of his jury trial rights at Gordon's arraignment is not related to nor a cause of his failure to file a demand for a jury trial within the specified time. Gordon's attorney clearly had knowledge of the time frame within which to make a jury trial demand.

---

5. M.R.Crim. P. 10 provides in pertinent part: When the offense charged is a Class D or Class E crime, a represented defendant may enter a plea in writing without the necessity of an arraignment in open court unless the court requires the defendant to appear personally.
   M.R.Crim. P. 10.

**78**

[¶ 10] Moreover, the court's noncompliance with the arraignment procedure does not automatically require that a conviction be vacated. *State v. Mayberry*, 1997 ME 9, ¶¶ 5, 6, 687 A.2d 966, 967. "[T]he single fact that those procedural purposes are not achieved·in a particular case does not, in and of itself, so vitiate the fundamental fairness of the proceedings as to justify the drastic sanction of setting aside a ... conviction ...." *Mank*, 501 A.2d at 810 (noting that failure to comply with provision requiring written waiver of jury trial does not "require an automatic reversal of [defendant's] conviction...."). Noncompliance with arraignment procedure does not result in automatic reversal, unless a defendant has been prejudiced. *State v. Kovtuschenko*, 576 A.2d 206, 207 (Me. 1990). Because Gordon was represented by an attorney, the failure of the court to comport to all of the requirements of M.R.Crim. P. 5 at Gordon's arraignment did not compel the grant of the requested extension of time to demand a jury trial, nor did it require the court to grant Gordon's motion to dismiss.

## II.

[¶ 11] Gordon also contends that the State's failure to provide discovery in a timely manner denied him of his right to a trial by jury. Gordon was arraigned on August 5, 1998. The State had a duty, under M.R.Crim. P. 16(a)(3), to provide *automatic discovery* by August 15, 1998, and it is not disputed that the State complied with that provision at Gordon's arraignment. Seven days after his arraignment, Gordon filed a motion for additional discovery and also requested permission to file a late jury demand, asserting that the State had not provided him with discovery.

[¶ 12] Gordon argues that the court should have granted him an extension of time to transfer his case to the Superior Court for a jury trial because the receipt of the requested discovery close to the deadline provided him with insufficient time to review this discovery with his attorney, and resulted in severe prejudice to him. Gordon's request for additional discovery was docketed on August 12, 1998, and he received the discovery on August 22, 1998. The State was required to comply with Gordon's request for additional discovery within ten days, *see* M.R.Crim. P. 16(b)(5), and it did so. Gordon's demand for a jury trial, however, was filed on September 4, 1998, more than twelve days after receipt of the discovery from the State, and more than thirty days after his arraignment.

[¶ 13] The time when a demand for a jury trial must be made is within twenty-one days after arraignment. *Rowell*, 468 A.2d at 1007; M.R.Crim. P. 22(a), *see also State v. Lenfestey*, 557 A.2d 1327, 1328 (Me.1989) (finding defendant who requested jury trial one day after filing deadline, and admitted she fully understood instructions, and explained her tardy request as jurisdictional strategy, "followed her strategy at her peril.") "Any grace period that fairness might require is already incorporated into the allotted 21 days." *Lenfestey*, 557 A.2d at 1328.

[¶ 14] The need to review discovery does not automatically toll the twenty-one day period allotted to request a jury trial. Following receipt of discovery on August 22, Gordon had four days to review discovery and determine whether he wanted a jury trial. If the State had failed to comply with the discovery request, Gordon would have been in a stronger position to seek an enlargement of time. The burden was on Gordon to show that he was entitled to more time. *See State v. Jordan*, 599 A.2d 74, 76 (Me.1991). Gordon has not explained what discovery material the State may have had in its possession that was so essential to his determination of

whether to demand a jury trial. Accordingly, the court did not act outside its discretion in denying his request for an enlargement of time, nor in denying his motion to dismiss.

The entry is:

Judgment affirmed.