2003 ME 42

**STATE of Maine**

v.

**Jeffrey HOLMES.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Jan. 23, 2003.

Decided: March 31, 2003.

Stephanie Anderson, Dist. Atty., Julia Sheridan, Asst. Dist. Atty., Portland, for the State.

James S. Hewes, Portland, for the defendant.

Panel: SAUFLEY, C.J. and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] Jeffrey Holmes appeals from the judgment of conviction entered in the District Court (Bridgton, *Eggert, J.*) following a bench trial finding him guilty of one count of operating under the influence (OUI) (Class D) in violation of 29–A M.R.S.A. § 2411(1) (1996),[1] with one prior OUI offense within the past ten years.

---

1. Section 2411(1) provides:

    1. **Offense.** A person commits OUI, which is a Class D crime unless otherwise provided, if that person operates a motor vehicle:

    A. While under the influence of intoxicants; or
    B. While having a blood-alcohol level of 0.08% or more.

Holmes asserts the District Court erred when it found he knowingly and voluntarily waived his right to a jury trial. We agree and vacate his conviction.

## I. BACKGROUND

[¶ 2] Holmes was charged with operating under the influence and was arraigned in the District Court (*Goranites, J.*) on December 19, 2001. He attended the arraignment without legal representation and entered a plea of not guilty. No transcript of the arraignment proceedings exists; the record, therefore, does not indicate whether the court adequately advised Holmes he had a right to a jury trial, how to secure a jury trial, or failure to make a timely request constituted a waiver of that right. *See* M.R.Crim. P. 5(d)(2) & 22(a).[2] The court scheduled a bench trial for January 30, 2002.

[¶ 3] Two days before the scheduled bench trial, Holmes requested a continuance due to his inability to retain counsel. The District Court (*Beaudoin, J.*) granted the request and rescheduled the trial for March 27, 2002. On March 22, 2002, Holmes hired an attorney, who immediately filed a motion for an enlargement of time in which to file a jury trial demand, and demanded a jury trial. The demand for a jury trial was made ninety-three days after Holmes's arraignment.

[¶ 4] On March 27, 2002, the District Court (*Powers, J.*) denied Holmes's jury trial request, finding that he waived his right to a jury trial by failing to make a

demand within twenty-one days of his arraignment. A transcript of the arraignment proceedings did not exist for the court to evaluate; the court assumed the arraigning court had properly notified Holmes that he had twenty-one days to demand a jury trial. The court, however, instructed Holmes to file a motion for reconsideration if Holmes located the transcript.[3]

[¶ 5] Holmes was thereafter convicted following a bench trial in the District Court, and sentenced to jail for a term of seven days. This appeal followed Holmes's timely notice of appeal.

## II. DISCUSSION

▬▬▬ [¶ 6] Holmes asserts that the District Court did not provide appropriate instructions at his arraignment proceeding pursuant to M.R.Crim. P. 5(d), and that the record is devoid of any evidence that he knowingly and voluntarily waived his right to a jury trial. "[We] review the record in the light most favorable to the [trial] court's ruling to determine whether the record will support a finding of a knowing and intelligent waiver." *State v. Walls*, 501 A.2d 803, 805 (Me.1985). The defendant bears the burden of establishing that the trial court's waiver finding was clearly erroneous. *See State v. Morrison*, 567 A.2d 1350, 1351 (Me.1990).

[¶ 7] The Declaration of Rights, contained in our constitution, guarantees all criminal defendants the right to a trial by jury. ME. CONST. art. I, § 6;[4] *State v.*

---

2. In this context, Rules 5(d)(2) and 22(a) work in concert. The Rule 5(d)(2) instruction is a prerequisite to an effective Rule 22(a) waiver when a defendant appears at arraignment without representation. Rule 5(d)(2) requires the District Court, before requesting a plea, to inform a person "of ... the person's right to trial by jury and of the necessity of a demand for jury trial in accordance with these rules[.]" Rule 22(a) provides that "[u]nless a demand for trial by jury is made not later than 21 days after arraignment, the defendant

shall be deemed to have waived the right to trial by jury."

3. The court stated to Holmes: "Do you want to dig out something from a tape or something that shows that [the court did not notify you], then that's something else. But I don't see that here today."

4. Article I, section 6 provides in relevant part, "In all criminal prosecutions, the accused shall have a right ... [t]o have a speedy,

*Sklar,* 317 A.2d 160, 165–66 (Me.1974). To protect this right, Rule 5(d)(2) requires the District Court, at arraignment, to inform a person charged with a Class D crime of that person's right to a trial by jury and of that person's duty to demand a jury trial. *See* M.R.Crim. P. 5(d)(2). The defendant's failure to demand a jury trial within twenty-one days of arraignment constitutes a waiver of that right pursuant to M.R.Crim. P. 22(a). M.R.Crim. P. 22(a); *State v. Lenfestey,* 557 A.2d 1327, 1328 (Me.1989).

▮▮▮ [¶ 8] Any waiver of the right to a trial by jury is only effective if made "voluntarily and intelligently." *State v. Gordon,* 2001 ME 34, ¶ 7, 766 A.2d 75, 77. To be "voluntary and intelligent," the District Court must administer Rule 22(a) in a manner that ensures each defendant is fully aware: (1) of his or her right to a jury trial; (2) of how to secure a jury trial; and (3) that failing to make a timely request constitutes a waiver of this right. *See Lenfestey,* 557 A.2d at 1328.

▮▮▮ [¶ 9] Because the court must often conduct a multitude of arraignments, logic and expediency dictate that an instruction to a group of defendants is a proper part of the process required by Rule 5(d)(2). *State v. Rowell,* 468 A.2d 1005, 1007 n. 3 (Me.1983). We have said that "[s]tanding alone, however, [the mass instruction] is inadequate to establish that an individual defendant understood it, or even heard it." *Id.* The court must also take some "affirmative steps reasonably designed to make *each* defendant *himself* aware of his individual right to a jury trial and of the demand that he must make within 21

days" to support a binding inference of waiver. *Rowell,* 468 A.2d at 1007–08 (emphasis in original). The court may achieve this, for example, by asking whether the defendant was present for the court's explanation and understands that he has the right to a jury trial, and that he will have waived that right if he fails to file a completed jury trial request form with the clerk within twenty-one days.[5]

[¶ 10] The central issue here is whether the arraigning court took the necessary "affirmative steps" with respect to Holmes. We cannot say that it did.

▮▮▮ [¶ 11] Because a right to a jury trial in a criminal case is a fundamental constitutional right, there must be some evidence in the record that an unrepresented defendant was advised of this right and of the waiver if the defendant did not assert the right to a jury trial within twenty-one days. A transcript or tape of the arraignment proceedings can provide evidence of whether (1) the group of defendants was properly advised of their right to a jury trial and the inference of the waiver if the right is not asserted within twenty-one days, and (2) the court addressed the defendant individually concerning whether he was present for and understood the court's group instruction or whether he otherwise understood the jury trial right and waiver process. *See, e.g., Rowell,* 468 A.2d at 1006.

▮▮▮ [¶ 12] The transcript or tape was unavailable in this case. The only evidence presented to shed light on the sufficiency of Holmes's waiver was testimonial evidence from Holmes that the court hand-

---

public and impartial trial, and, except in trials by martial law or impeachment, by a jury of the vicinity.''

5. Because, pursuant to Maine's bifurcated criminal system, the jury trial right of a defendant arraigned in the District Court on a Class D or E crime may be waived by inac-

tion, in contrast to the jury trial right of a person arraigned in Superior Court on a Class C, B, or A crime, it is doubly important for the defendant in District Court to understand the consequences of inaction. Hence, there is a need to single out and highlight this particular right in the District Court arraignment process.

ed him "some paper work," took his plea, "and that's it." [6] This evidence, without more, does not establish that the arraigning court took the necessary "affirmative steps" at Holmes's arraignment. *See Rowell,* 468 A.2d at 1008. The District Court, therefore, erred when it found Holmes's waiver was made knowingly and voluntarily. *Id.*

 [¶ 13] Failing to comply with an arraignment procedure, however, results in automatic reversal of a defendant's conviction only if the defendant is prejudiced. *State v. Kovtuschenko,* 576 A.2d 206, 207 (Me.1990). In this case, any failure on the arraigning court's part to inform Holmes of the manner in which to secure a jury trial prejudiced Holmes because he was not represented by counsel at his arraignment and, therefore, this procedural deficiency likely caused his untimely jury-trial demand. *See Rowell,* 468 A.2d at 1008

("Since defendant has never effectively waived his right to a jury trial and since he asserts on appeal that he wants a jury trial, his conviction in the District Court must be vacated . . . ."); *cf. Gordon,* 2001 ME 34, ¶ 10, 766 A.2d at 78 (holding defendant was not prejudiced by the court's failure to inform him of his right to a jury trial because he was represented by counsel).

The entry is:

Judgment of the District Court vacated; the District Court is hereby ordered to transmit the entire original file and any bail to the Superior Court for further proceedings in the Superior Court as a case transferred pursuant to M.R.Crim. P. 22(b).

---

**6.** In addition, documentary evidence is absent. The docket entries do not address the jury trial right at all, indicating only, "Defendant informed of charges. 21 days to file motion." No notation exists on the complaint indicating that the arraignment judge addressed the jury trial right with Holmes.