2012 ME 92

**STATE of Maine**

v.

**Jacklyne S. POOLE.**

Supreme Judicial Court of Maine.

Argued: June 14, 2012.
Decided: July 12, 2012.

Jeffrey S. Dolley, Esq. (orally), Lewiston, on the briefs, for appellant Jacklyne S. Poole.

Norman R. Croteau, District Attorney, and Andrew P. Matulis, Asst. Dist. Atty. (orally), Office of the District Attorney, Auburn, on the briefs, for appellee State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

LEVY, J.

[¶ 1] Jacklyne S. Poole appeals from a judgment of conviction of domestic violence assault (Class D), 17–A M.R.S. § 207–A(1)(A) (2011), entered in the District Court (Lewiston, *Beliveau, J.*) following a bench trial. Poole's charge arose from an incident in which she assaulted her boyfriend. She was sentenced to 180 days in jail, all suspended, and one year of probation. Poole argues that (A) the court (*Stanfill, J.*) erred by denying her motion to enlarge time to file a jury trial request after the twenty-one-day deadline imposed by M.R.Crim. P. 22 because she did not knowingly and intelligently waive her right to a jury trial at arraignment, and (B) the application of different procedural rules for accessing the jury trial right in courts with and without Unified Criminal Dockets violates the federal and Maine constitutional guarantees of equal protection. We affirm the judgment.

A. Waiver of Jury Trial Right

[¶ 2] When reviewing whether a defendant has effectively waived the jury trial right, we review the court's factual findings for clear error and its legal conclusions de novo. *State v. Ouellette,* 2006 ME 81, ¶ 21, 901 A.2d 800.

[¶ 3] The record shows that at Poole's arraignment, she watched an instructional video that included information about the jury trial right and the need to request a jury trial within twenty-one days, and that cautioned that the failure to request a jury trial within that time would result in loss of the right. Next, as part of her arraignment, Poole was individually questioned by the court (*Driscoll, J.*). Poole stated that she understood both the charge against her and her rights as explained in the video, and she entered a not guilty plea. The court informed Poole about her right to be considered for appointed counsel, and it told her, "[I]f you want a jury trial, you need to file your jury trial request form within twenty-one days." Poole stated that she understood the instructions and had no questions for the court. She failed to file a request for a jury trial within the twenty-one-day deadline.

[¶ 4] Based on this record, the court (*Stanfill, J.*) found that Poole was adequately advised of and understood both the jury trial right and the need to timely file her request if she desired a jury trial. The court concluded that Poole waived her right to a jury trial. Neither the court's findings nor its legal conclusion are in error. *See* M.R.Crim. P. 22(a) (requiring that defendants prosecuted in District Court demand a jury trial within twenty-one days after arraignment or "be deemed to have waived the right to trial by jury"); *Ouellette,* 2006 ME 81, ¶¶ 14, 19, 901 A.2d 800; *State v. Holmes,* 2003 ME 42, ¶ 9, 818 A.2d 1054. Poole's motion to enlarge the time for filing her jury trial request was properly denied.

B. Equal Protection

[¶ 5] We turn now to Poole's constitutional challenge. Poole contends that the application of different procedural rules for accessing the right to a jury trial in courts with Unified Criminal Dockets and those without—such as the District Court in Lewiston where Poole was ar-

raigned and tried—violates the equal protection guarantees of the United States and Maine Constitutions. *See* U.S. Const. amend. XIV, § 1; Me. Const. art. I, § 6–A.[1] We review constitutional challenges de novo. *State v. Elliott,* 2010 ME 3, ¶ 17, 987 A.2d 513.

[¶ 6] The rule that applied to Poole as a result of her prosecution for a Class D crime in the District Court in Lewiston was M.R.Crim. P. 22(a), which requires defendants to file a jury trial request within twenty-one days of arraignment or be deemed to have waived the jury trial right. Poole acknowledges that this rule, standing alone, is constitutionally sound, as we have previously held. *See Ouellette,* 2006 ME 81, ¶ 14, 901 A.2d 800; *State v. Lenfestey,* 557 A.2d 1327, 1328 (Me.1989). She argues, however, that because the rule is less protective of the jury trial right than the rules now applicable in the Unified Criminal Dockets (UCDs) in Bangor and Cumberland County, the resulting discrepancy is unconstitutionally unequal.[2]

[¶ 7] In all criminal cases prosecuted in the Bangor and Cumberland County UCDs, the applicable procedural rules provide for jury trials unless a plea agreement is reached or unless the defendant, with the court's approval, affirmatively waives the right to a jury trial. U.C.D.R.P.-Bangor 18(e), 23(a); U.C.D.R.P.-Cumberland County 18(e), 23(a). Thus, defendants like Poole who are prosecuted in courts without Unified Criminal Dockets may lose their right to a jury trial through inaction, whereas a defendant's inaction in the UCDs preserves the right to a jury trial.

■ [¶ 8] To determine whether the application of these different procedural mechanisms constitutes an equal protection violation, we apply a two-step analysis. *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.,* 2010 ME 18, ¶ 26, 989 A.2d 1128. The first step is to "show that similarly situated persons are not treated equally under the law." *Id.* If that step is met, we next "determine what level of scrutiny to apply." *Id.* We recognize that three different sets of procedural rules apply to

1. The United States Constitution provides: "No State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Maine Constitution provides: "No person shall ... be denied the equal protection of the laws." Me. Const. art. I, § 6–A.

2. The administrative order establishing the Cumberland County Unified Criminal Docket describes the goals of this pilot project:

The goals of the UCD are (1) to promote the prompt and fair resolution of cases through early information sharing, early access to appointed counsel for indigent defendants, and judicial attention to the case resolution process; and (2) to promote efficiency by eliminating the duplicative clerical workload created by the current system of case transfer between the District Court and the Superior Court and by reducing the number of court appearances required to process individual cases.

Establishment of the Cumberland County Unified Criminal Docket, Me. Admin. Order JB–08–2 (effective Jan. 1, 2009). The order contains a number of procedural rules and states:

The UCD shall be governed by the Unified Criminal Docket Rules of Procedure (U.C.D.R.P.), promulgated by the Supreme Judicial Court as part of this Order and attached hereto as Exhibit A. The U.C.D.R.P. differ generally from the Maine Rules of Criminal Procedure in that they eliminate the distinctions between the functions of the District and Superior Courts in their handling of criminal matters and civil violations. For the duration of this project, all of those matters will be handled by the Unified Criminal Docket in the Cumberland County Superior Court.

*Id.; see also* Establishment of the Bangor Unified Criminal Docket, Me. Admin. Order JB–10–1 (effective Jan. 4, 2010) (describing similar goals and procedural rules for the Bangor UCD).

criminal defendants in different areas of the state—the U.C.D.R.P.-Bangor, the U.C.D.R.P.-Cumberland County, and the standard Maine Rules of Criminal Procedure for all regions not currently included within the jurisdiction of a Unified Criminal Docket. Thus, today, similarly situated people are treated differently for purposes of preserving their jury trial right in Maine's courts.

■ [¶ 9] Turning to the second step of the equal protection analysis, we apply rational basis review to Poole's challenge. Pursuant to the rational basis test, the procedural rules challenged by Poole need only be rationally related to a legitimate state interest to survive constitutional scrutiny. *See id.* ¶ 26. Contrary to Poole's argument, although strict scrutiny review generally applies to the infringement of a fundamental right—and the right to a jury trial is a fundamental right, *Ouellette*, 2006 ME 81, ¶ 11, 901 A.2d 800—because the procedural rules at issue here do not *impinge* on that right, strict scrutiny does not apply in this case. *See San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 38–40, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973) (noting that strict scrutiny applies only to legislation that "deprive[s], infringe[s], or interfere[s] with the free exercise of" a fundamental right (quotation marks omitted)); *Lambert v. Wentworth*, 423 A.2d 527, 531–32 & n. 2 (Me.1980).

■ [¶ 10] As noted above, we have held that M.R.Crim. P. 22—the procedural rule that applied to Poole's prosecution—is constitutional as long as it is administered in conjunction with adequate arraignment procedures. *See Ouellette*, 2006 ME 81, ¶ 14, 901 A.2d 800. This rule does not become unconstitutional simply because a state actor—here, the judiciary—takes steps to reform and improve the process by which defendants receive jury trials. "[R]eform may take one step at a time, addressing itself to the phase of the problem which seems most acute." *Rodriguez*, 411 U.S. at 39, 93 S.Ct. 1278 (quotation marks omitted). The Maine Judicial Branch is actively engaged in planning for the implementation of Unified Criminal Dockets throughout the state, and the creation and launch of the Bangor and Cumberland County UCDs, with their associated procedural rules, are the first phase in this statewide reform effort. *See, e.g.,* Establishment of the Bangor Unified Criminal Docket, Me. Admin. Order JB–10–1 (effective Jan. 4, 2010) (describing the Bangor UCD as a "pilot project implementing a new model for processing criminal actions").

[¶ 11] There is a strong rationale for making these changes to criminal procedure incrementally. A gradual and deliberate expansion of the Unified Criminal Docket system permits the judiciary to plan for and address regional differences and to tailor the transition to each UCD accordingly. A phased transition is best suited to achieve the goals of the UCDs, including the "prompt and fair resolution of cases" and the efficient administration of the courts' caseload. *See, e.g.,* Establishment of the Cumberland County Unified Criminal Docket, Me. Admin. Order JB–08–2 (effective Jan. 1, 2009). The UCD rule providing for jury trials except where affirmatively waived, rather than the traditional Maine Rule of Criminal Procedure requiring a jury trial request within twenty-one days, advances these goals because it promotes efficiency and better protects the fundamental constitutional right to trial by jury.

[¶ 12] The fact that UCDs have not yet been implemented statewide does not, however, render the otherwise constitutionally compliant procedural rules applied by the non-UCD courts constitutionally infirm. A reform measure "is not invalid

under the Constitution because it might have gone farther than it did." *Rodriguez,* 411 U.S. at 39, 93 S.Ct. 1278 (quotation marks omitted). Because there is a sound and rational basis for implementing UCDs in phases, the constitutional guarantee of equal protection is not violated by the continued use of M.R.Crim. P. 22(a)—requiring defendants to file a jury trial request within twenty-one days of arraignment—in those courts that have not yet made the transition to a UCD.

The entry is:

Judgment affirmed.