STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    Docket No.: CR-15-4590


STATE OF MAINE,                    )
                                   )
                                   )
            Plaintiff,             )
                                   )               ORDER
                                   )
    v.                             )
                                   )
LLOYD L LYTTLE,                    )
                                   )
            Defendant              )
                                   )


Mr. Lyttle has been charged with four offenses including a charge, in Count I of the complaint, of operating under the influence as a second offense based on a prior conviction from September 17, 2014.


The defendant has filed a Motion to strike prior conviction alleging that it was obtained without a valid waiver of counsel. The attorneys have informed the Court that when Mr. Lyttle was charged with first offense operating under the influence he was informed about the right to counsel as part of a presentation to all the defendants, that he did not have counsel, that he was not questioned about waiving counsel when he pled and that he pled guilty and received a sentence which did not involve jail time.


It is clear under State v Cook, 706 A.2d 603 (Me. 1998) that he was not entitled to court appointed counsel in 2014. It is not however clear that he voluntarily, knowingly and intelligently waived his right to counsel. See State v Rowell, 468 A.2d 1005, 7 (Me. 1983) and

State v Holmes, 2003 Me 42 in the context of the right to trial by jury and State v Watson, 2006

Me 80 in the context of waiver of counsel at trial.


The entry is: Defendant's Motion to strike prior conviction is granted.


Date: _April 8, 2016_

Paul Fritzsche
Justice, Superior Court

STATE OF MAINE
CUMBERLAND, SS.

CUMBERLAND COUNTY
UNIFIED CRIMINAL DOCKET
DOCKET NUMBER: CR-15-4590

STATE OF MAINE                    )
                                  )          DEFENDANT'S
v.                                )          MOTION TO STRIKE
                                  )          PRIOR CONVICTION
LLOYD LYTTLE                      )

**NOW COMES** the Defendant, by and through the undersigned attorney, and
moves this Honorable Court to strike from the Complaint the allegation that the
Defendant "was convicted of OPERATING UNDER THE INFLUENCE on September
17, 2014, in the Cumberland County Unified Criminal Docket, Docket No. 14-5244" as
the alleged conviction was obtained without a valid waiver of counsel. The Defendant is
now charged with a second offense Operating Under the Influence based, in part, upon
this prior conviction. The Defendant moves to strike the allegation of the prior
conviction, thus reducing the second offense Operating Under the Influence charge to a
first offense Operating Under the Influence charge. In support of the within motion,
Defendant states the following on information and belief:

1.  In Cumberland County Unified Criminal Docket, Docket No. 14-5244, on
    September 17, 2014, the Defendant plead guilty to one count of Class D
    misdemeanor Operating Under the Influence and was ordered to pay a
    $500.00 fine and his license was suspended for 150 days. No attorney was
    appointed or retained to represent the Defendant; the Defendant appeared
    *pro se.*

2.  A prior conviction may be used to enhance a current offense only if the
    prior conviction was constitutionally obtained. *State v. Cook,* 708 A.2d
    603, 606 (Me. 1998). A conviction for a charge in which there is a right to
    counsel that is obtained without a valid waiver of counsel, however, is
    tantamount to no conviction at all.

"If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction . . . . The judgment of conviction pronounced by a court without jurisdiction is void." *Johnson v. Zerbst,* 304 U.S. 458 (1938).

3. A defendant who faces an enhanced sentence on the basis of such a conviction may collaterally attack the prior conviction within the case in which the state seeks the enhancement. *Custis v. United States,* 511 U.S. 485, 494 (1994)

4. A plea or conviction is unconstitutional unless a valid waiver of counsel and election to proceed *pro se* appears on the record. *Cook* at 606. An accused may elect to proceed without counsel. This election requires that the he be made aware of the dangers of self-representation. The record must reflect that he knows what he is doing and makes his choice with his eyes open. *Adams v. United States ex rel. McCann,* 317 U.S. 269, 279 (1942). Where a voluntary, knowing and intelligent waiver does not appear on the record, the conviction is constitutionally invalid. *State v. Tomah,* 560 A.2d 575 (Me. 1989)

5. Informing a defendant of the right to counsel and the other elements of a valid waiver consists of more than an *en masse* recitation of rights to an assembly of defendants prior to individual arraignments. *State v. Rowell,* 468 A.2d 1005, 1007 n.3 (Me. 1983). "The court must also take some 'affirmative steps reasonably designed to make each defendant himself aware of his individual right[s]...." *State v. Holmes,* 818 A.2d 1054 (Me. 2003), *quoting Rowell,* at 1007-1008.

6. A waiver is "woefully inadequate" even where the defendant is individually informed of the right to counsel and that counsel will be

2

appointed if the defendant is indigent. In order to be valid, a waiver must also reflect the defendant's understanding of the role of counsel and the consequences of proceeding *pro se,* coupled with a voluntary waiver of counsel. *Tomah* at 575-576. "[B]ecause it is a fundamental constitutional right, the right to representation by counsel requires that every reasonable presumption must be indulged against waiver. *State v. Watson,* 900 A.2d 702, 708 (Me. 2006)

7.     The minimum requirement upon entry of a plea is that the defendant must be informed of the right to counsel, of all of the elements of the offense, and of the penalties that he faces when entering a plea of guilty. *Iowa v. Tovar,* 541 U.S. 77, 81 (2004). The court must ensure the defendant understands the nature of the charges against him and the range of allowable punishments. *Id.* This inquiry by the court **must appear on the record**. *Cook.* (Emphasis added).

**WHEREFORE,** the Defendant prays this Honorable Court grant Defendant's Motion to Strike Prior Conviction and strike the allegation that the Defendant "was convicted of OPERATING UNDER THE INFLUENCE on September 17, 2014, in the Cumberland County Unified Criminal Docket, Docket No. 14-5244" and the State should be precluded from arguing the fact of the conviction at sentencing.

DATED at Portland, Maine this 15th day of January 2016.

Respectfully submitted,

Sharon N. Paley Craig
Attorney for the Defendant
Maine State Bar Number 8810
P.O. Box 6706
Portland, Maine 04103
(207) 780-1870

ORDER

The defendant has been charged in this case ~~with~~ with second offense OUI in Count I based on an uncounseled conviction in 2014 in CR-14-5244. We do not yet have a recording of or transcript of his guilty plea in the earlier case. The charges in CR-14-5244 includes both a high blood alcohol mandatory minimum jail charge in Count I and a no mandatory jail time charge in Count II. The Clerk's records checked the box rest of jail - see pink arraignment sheet. Since we do not know whether the defendant waived his right to Counsel or had adequate lawyer for the day assistance it is premature to decide the constitutional issue. The entry is: Motion to Strike and trial are continued for 60 days to see if more information concerning the earlier plea can be obtained. 2/4/16 Paul A.